454 A.2d 522

**UNION CITY SCHOOL DISTRICT, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee,**

**and**

**Thomas Fortin, Max Pfaaf, Sylvia K. Carlburg, Rosemary D. Obert, Joan H. Phillips, Gary W. Senyo, and Evelyn D. Hamilton, Intervenors.**

Supreme Court of Pennsylvania.

Argued Oct. 25, 1982.

Decided Dec. 23, 1982.

549

William Fearen, Michael I. Levin, Harrisburg, for appellant.

Charles G. Hasson, Asst. Atty. Gen., Harrisburg, for appellee.

George Levin, Erie, for intervenors.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

NIX, Justice.

This is an appeal from the order[1] of the Commonwealth Court affirming the grant of benefits pursuant to Section

1. *Union City Area School District v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 494, 434 A.2d 239 (1981).

402(d) of the Pennsylvania Unemployment Compensation Law [2] by the Unemployment Compensation Board of Review (Board) to appellees, professional employees of the Union City Area School District. The relevant facts, as set forth by the Commonwealth Court are as follows:

In September, 1977, a collective bargaining agreement was entered into between the District and the Union City Education Association (Association), collective bargaining representative of the District's professional employees. That agreement remained in effect until June 30, 1979. Prior to the expiration of the agreement, however, negotiations for a new agreement began. On June 25, 1979, the Association submitted a written offer to the District to continue working on a day-to-day basis under the terms of the extant collective bargaining agreement. On August 13, 1979, the District's Superintendent responded to that request, stating that the District would continue the salaries, fringe benefits, and all other conditions and terms of employment, as provided in the last "teacher contract," for an indefinite period of time under the condition "that the Union City Education Association agree to give the [School] Board a written notification five days before any work stoppage" by the teachers. The Association did not send a reply to the District's letter; however, in a negotiating session the Association advised the District of its intent to work under the existing agreement until September 15, 1979.

The claimants returned to work in August, 1979, and continued to work until the close of the work day on September 14, 1979. On that date, the claimants received their first paychecks from the District. The amount of each check was computed on the basis of the annual salary which each claimant had received during the 1978–79 school year. Despite a provision in the expired agreement for a "longevity raise," an increment bestowed upon the employees at the beginning of the school term for their

2. Act of December 5, 1936, Second Exec.Sess., P.L. (1937) 2897, art. IV, § 402, *as amended,* 43 P.S. § 802(d).

extra year of service, the paychecks did not reflect an increase in salary. All the other terms of the expired agreement, including benefits and related items, were honored by the District.

On September 17, 1979, claimants commenced a work stoppage which continued until October 25, 1979, at which time claimants returned to work by order of the Court of Common Pleas of Erie County.

At the start of the work stoppage, the claimants filed applications for unemployment compensation benefits. The Office of Employment Security denied claimant's applications for the compensable weeks ending September 22, 1979; and after a hearing, that denial was affirmed by a referee. The claimants appealed to the Board, which on April 24, 1980, affirmed the referee's decision. Subsequently, the claimants filed a Petition for Review with this Court and the matter was remanded to the Board for reconsideration of its decision. On October 7, 1980, the Board vacated its earlier ruling and reversed the referee's decision, thereby awarding claimants benefits.

61 Pa. Commonwealth Ct. at 496–497 434 A.2d at 241–242 (footnote omitted).

The Commonwealth Court affirmed the award of benefits and this appeal followed. Because the issues presented in this appeal are identical to the issues presented in *Fairview School District v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 499 Pa. 539, 454 A.2d 517 (filed this day) the holding in that case is controlling here.

Accordingly, the Order of the Commonwealth Court is reversed and the referee's denial of benefits reinstated.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

Despite minor factual differences, this case presents the same issue as *Fairview School District v. Commonwealth, Unemployment Compensation Board of Review,* 499 Pa. 539,

454 A.2d 517 (1982).[1] Accordingly, I dissent here for the same reasons voiced in my dissenting opinion in *Fairview School District.*

1. In this case, the Union City Education Association requested that its contract with the Union City School District be continued pending ratification of a new collective bargaining agreement. In response, the school board approved a motion which provided that "the salaries, fringe benefits, and all other terms and conditions of employment as provided in the last teacher contract" would continue for an indefinite period of time.