Commonwealth of Pennsylvania, Milk Marketing Board, Plaintiff *v.* Kreider Dairy Farms, Inc. and Noah W. Kreider and Sons, Defendants.

Heard December 18, 1979, by Judge CRAIG.

*Daniel T. Flaherty, Jr.,* Chief Counsel, for plaintiff.

*T. Roberts Appel, II,* with him *John Paul Kershner,* for defendants.

ADJUDICATION BY JUDGE CRAIG, February 26, 1980:

The Milk Marketing Board of the Commonwealth of Pennsylvania (board) has addressed our original jurisdiction with a complaint seeking to enjoin defendants from selling milk at retail from defendants' "second store" on Route 72, Manheim, Pa. at prices below the minimum prices established by the board for Milk Marketing Area No. 4.

The parties adduced testimony and exhibits at a hearing on the board's petition for preliminary injunction, and the chancellor, by order dated January 7, 1980, issued the preliminary injunction as requested.

Thereafter, all the parties, not desiring any further evidentiary hearing in this case, filed a stipulation of record, agreeing that all of the evidence presented at the preliminary hearing before the chancellor should constitute the entire record of the case

for the purpose of final decision in this court and also for the purpose of any appeal. Although the stipulation refers to the entry of a final order in this court as the next step, we note that the stipulation expressly preserves the right of appeal and does not include any waiver with respect to exceptions. Therefore, the entry of an adjudication and decree nisi is indicated, so that either party may file exceptions thereto if desired.

### Findings of Fact

1. Defendant Noah W. Kreider and Sons, a partnership, owns farmland, livestock and agricultural equipment in Penn Township, Lancaster County, Pennsylvania, and rents the same to defendant Kreider Dairy Farms, Inc., a corporation, which, as operating entity, uses the leased facilities to grow feed crops, manage a dairy herd and to produce and sell dairy products.

2. The farm consists of several non-contiguous tracts, two of which are particularly involved in this case.

3. There is a large tract of approximately 800 acres on which is located the dairy herd, barn, a dairy plant to process milk from the herd and a retail dairy store, as well as poultry and crops for feed purposes.

4. Milk processed at the dairy on the large tract is customarily moved to that plant from the barn elsewhere on the same tract by means of a route partly following public roads rather than one entirely within the boundaries of the tract.

5. There is also a smaller tract of approximately 80 acres, approximately 3.6 miles distant from the larger tract by public road, on which there is located a double house (in which an employee resides), a barn, and feed crops, but no cows or milk-processing operations.

6.  The smaller tract has a "second store" for retail milk sales on it; also, a restaurant and bank office are existing or planned to be located there.

7.  Because all of defendants' milk is produced and processed on the larger tract, the milk sold at the second store must be transported to it over the public roads connecting the two tracts.

8.  At both stores, defendants are selling milk at retail below the minimum out-of-store prices established by the board.

9.  Defendants have previously obtained a letter from legal counsel for the board expressing an opinion that the exemption would not be lost if the milk were transported from one tract to another over a private *easement* of defendants connecting the two tracts.

10.  Defendants have not obtained or established any easement connecting the larger and smaller tracts; only public roads and the private property of others exist between them.

### Discussion

In selling milk at retail below the minimum prices established by the board, defendants are relying upon the "jugger's exemption" in Section 402 of the Milk Marketing Law, Act of April 28, 1937, P.L. 417 §402, *as amended,* 31 P.S. §700j-402 which exempts the cash sales of milk by a producer

> if he shall have produced all the milk on the farm where sold and such milk has at no time left the producer's farm prior to its sale to the consumer and he shall have neither purchased, handled or received any milk from other producers or handlers for cash sale or any other purpose, and his total sales to consumers do not exceed two gallons to any one consumer in any one day. . . .

The board does not question the applicability of this exemption to defendants' milk sales from the store on

the farm's large tract, where the milk is produced, but views the sales from the second store as being in violation of Section 807 of the Milk Marketing Law, 31 P.S. §700j-807, which prohibits non-exempt sales from being made below the minimum price established by the board.

In resisting the request for an injunction, defendants have contended that the issue is to determine whether or not the smaller tract, containing the second store, is part of the dairy farm.

However, as indicated in the second finding of fact we have no difficulty in deciding that the several non-contiguous tracts make up a single farm because they are located in reasonable proximity to one another and are obviously, from the evidence, operated as an integrated dairy agriculture unit. *Commonwealth v. Carmalt*, 2 Binney 234 (1810).

Hence the actual question here is whether the court may conclude, in the terms of Section 402 of the Milk Marketing Law, that the milk sold at the second store "has at no time left the producer's farm prior to its sale to the consumer," so that the jugger's exemption remains applicable to those second store sales.

The statement of that question answers it: The milk produced on the main parcel necessarily leaves the farm when transported along public roads, not part of the farm, to reach the smaller parcel on which it is sold at the second store. Although the milk thus is returned to the farm, it is impossible to say that it has "at no time" left the farm.

Defendants have argued that the brief departure involved here is de minimis. They point to the letter from legal counsel for the board opining that the exemption would not be lost if the milk were transported from one tract to another over a private easement of defendants connecting the two; that letter is not ger-

mane, and we express no opinion on its point, because the present state of facts involves no such connecting private easement.

Next, defendants point to the fact that milk processed at the dairy on the large tract is customarily moved to that plant from the barn elsewhere on the same tract by means of a route partly following public roads rather than one entirely within the boundaries of the tract. The fact that the board overlooks that routing is easily understood; if the board objected, the delivery could clearly be made—perhaps less conveniently—by transporting milk entirely within the site. That approach cannot be considered to estop the board from raising a question as to the second store.

It is enough that the legislature has clearly said that the exemption is lost if milk leaves the farm before sale. Departure for 3.6 miles falls within that phrase just as clearly as would departure for a greater distance or time.

In *Milk Control Commission v. Battista,* 413 Pa. 652, 198 A.2d 840 (1964), the Supreme Court upheld the validity of the departure prohibition in Section 402 and applied it to a situation where the milk left the producer's farm only for processing and was thereupon returned to it.

In the present situation, application of the same legislative prohibition is logical to avoid opening the door to the creation of a chain of exempt stores by the device of acquiring a series of small parcels of land (by lease as well as purchase), each having some feed crops, stretching throughout a region; such a marketing result would plainly depart from the Supreme Court's view of Section 402 as intended to allow limited on-site jug sales—as in the case of "the local, family farm"—without disrupting or endangering effective regulation of the remaining industry. *Milk Control Commission v. Battista, supra.*

It has been suggested that our interpretation goes too far; the concern is that, if we hold the exemption to be lost by transportation of milk along a few miles of public roads between portions of the same farm, we might also be compelled for the sake of consistency to hold that the exemption would be lost where the two tracts are exactly opposite from each other on two sides of the same segment of highway and the milk is merely transported across the road. Although we do not decide that situation here, we may note, by way of analogy, that land parcels have been held to be contiguous for regulatory purposes when separated only by the width of a public road. *See O'Hara Township Board of Commissioners v. Hakim,* 19 Pa. Commonwealth Ct. 661, 339 A.2d 905 (1975). Hence our interpretation is not necessarily vulnerable to the *reductio ad absurdum* argument. Moreover, treating farmland as one parcel, even though divided by roads, does not present the opportunity to evade the milk price regulatory policy which is presented by an interpretation which would permit exempt retail stores to be strung out over one or more greater intervening spaces.

Defendants also urge that the public will not suffer harm by the persistence of the violation. Defendants contend that the public can only benefit by the opportunity to buy milk below the minimum price. The problem with that view is that, with the exemption inapplicable, the below-minimum price at the second store is an unlawful one. In addition to Section 1004 of the Milk Marketing Law, 31 P.S. §700j-1004, which expressly authorizes the board to obtain injunctive relief against violations, we have the familiar principle voiced by the Pennsylvania Supreme Court in *Pennsylvania Public Utility Commission v. Israel,* 356 Pa. 400, 52 A.2d 317 (1947), that conduct in violation of a statute constitutes irreparable injury as a matter of law.

We therefore will enter appropriate conclusions of law and grant the injunction requested.

### Conclusions of Law

1. In terms of Section 402 of the Milk Marketing Law, all the milk sold by defendants at both of defendant's stores, in the present case, is milk produced on the farm where sold.

2. However, also in terms of Section 402, the milk sold by defendants at their second store is milk which has left the producer's farm before its sale to the consumer.

3. Hence, because one of the several coordinate requirements of Section 402 has not been met, defendants' sales of milk at the second store are not exempt from the minimum out-of-store prices established by the board.

4. The sales of milk at defendants' second store, at retail prices below the minimum out-of-store prices established by the board, are in violation of the Milk Marketing Law.

### DECREE NISI

Now, this 26th day of February, 1980, pursuant to hearing it is ordered that defendants, their officers, employee, servants, agents and attorneys, are hereby enjoined from:

(a) selling or otherwise distributing milk to retail customers from its second store on Route 72, Manheim, Pa. at prices below the minimum prices established by the Pennsylvania Milk Marketing Board for out-of-store prices in Milk Marketing Area No. 4; and from

(b) advertising sale of milk to consumers at said second store at prices below the minimums established by the Pennsylvania Milk Marketing Board for Milk Marketing Area No. 4.

OPINION ON EXCEPTIONS, April 16, 1980:

In this case addressed to our original jurisdiction, by an adjudication and decree nisi of February 26, 1980, defendants were enjoined, at the instance of the Milk Marketing Board of the Commonwealth of Pennsylvania (board), from selling milk at retail from defendants' second store on Route 72, Manheim, Pa. at prices below the minimum prices established by the board for that milk marketing area.

Defendants duly filed exceptions, and the parties have stipulated of record that the exceptions may be decided without further briefs or oral argument.

In addition to taking exception to the decree nisi, defendants except to Finding of Fact No. 5 and to Conclusions of Law Nos. 2, 3 and 4.

The sole contested finding, No. 5, reads as follows:

5. There is also a smaller tract of approximately 80 acres, approximately 3.6 miles distant from the larger tract by public road, on which there is located a double house (in which an employee resides), a barn, and feed crops, but no cows or milk-processing operations.

Because the key question of the case is whether milk produced on the larger tract has ever "left the producer's farm" before it is sold at the store on the smaller tract, the material elements of the contested finding are that (1) the smaller tract is separated from the larger tract by a public road, and (2) there are no cows or milk-processing operations on the smaller tract. Because there is no question but that those factual elements are fully supported by the record, the exception to Finding of Fact No. 5 must be dismissed.

The contested conclusions of law are those which held, in terms of the statute, that the milk sold at the second store has left the producer's farm (Conclusion No. 2), so that sales at the second store are not exempt

from minimum prices (Conclusion No. 3), and therefore the sales at the second store, for retail prices below the minimums, are in violation of law (Conclusion No. 4).

These conclusions and the decree nisi necessarily follow from application of the findings of fact to the terms of the statute, as this court must interpret it.

Therefore the remaining exceptions will be dismissed and a final decree entered.

### FINAL DECREE

Now, this 16th day of April, 1980, defendants' exceptions are dismissed and it is ordered that defendants, their officers, employees, servants, agents and attorneys are hereby finally and permanently enjoined from:

(a) selling or otherwise distributing milk to retail customers from its second store on Route 72, Manheim, Pa. at prices below the minimum prices established by the Pennsylvania Milk Marketing Board for out-of-store prices in Milk Marketing Area No. 4; and from

(b) advertising sale of milk to consumers at said second store at prices below the minimums established by the Pennsylvania Milk Marketing Board for Milk Marketing Area No. 4.