574 A.2d 1190

**HEMPFIELD SCHOOL DISTRICT, Appellant,**

v.

**ELECTION BOARD OF LANCASTER COUNTY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 3, 1990.

Decided May 9, 1990.

Petition for Allowance of Appeal
Denied July 31, 1990.

86

Robert A. Longo, Martin, Honaman & Longo, Lancaster, for appellant.

John W. Espenshade, Sol., for appellee.

George T. Brubaker, with him, Robert M. Frankhouser, Jr., Hartman, Underhill & Brubaker, Lancaster, for amici curiae, School Dist. of Penn Manor, and the School Dist. of Lancaster.

Before McGINLEY and SMITH, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Before this Court is the appeal of Hempfield School District (Hempfield) from the April 23, 1990 order of the Court of Common Pleas of Lancaster County dismissing Hempfield's request to enjoin the Election Board of Lancaster County (Election Board) from including a non-binding referendum question on the May 15, 1990 primary ballot pursuant to request of the Council of Concerned Citizens, the Board of Supervisors of Hempfield Township and the Mountville Borough Council.

The Election Board held a special meeting on March 26, 1990 at the conclusion of which a resolution was passed authorizing placement of a non-binding referendum on the May 15, 1990 ballot. The proposed referendum reads as follows: "DO YOU FAVOR THE HEMPFIELD SCHOOL BOARD'S PLAN TO BUILD A NEW HIGH SCHOOL?" On April 5, 1990, Hempfield filed with the trial court a request that the Election Board be enjoined from including the referendum on the ballot which was denied by opinion and order dated April 23, 1990.

The issues presented in this case of first impression include whether the trial court erred in refusing to enjoin the Election Board from including a question on the ballot

for the May 15, 1990 primary election in the form of a non-binding referendum; and whether Hempfield may seek review of a decision of the Election Board pursuant to the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754.[1]

 ⸱Hempfield initially asserts that the Election Board does not have the statutory authority to place a non-binding referendum on the ballot on its own initiative. It is *a priori* that a governmental body such as an election board has only those powers expressly granted to it by the legislature. *See, e.g., Deer Creek Drainage v. County Board of Elections*, 475 Pa. 491, 381 A.2d 103 (1977); *Allegheny County Port Authority v. Pennsylvania Public Utility Commission*, 427 Pa. 562, 237 A.2d 602 (1968). The Election Board was created by the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3573. Section 301(a) of the Election Code, 25 P.S. § 2641(a), calls for a county board of elections in and for each county of this Commonwealth which shall have jurisdiction over the conduct of primaries and elections in that county in accordance with the provisions of the Election Code. Section 302 of the Election Code, 25 P.S. § 2642, enumerates the powers and duties of those county boards as follows:

> The county boards of elections, within their respective counties, shall exercise, in the manner provided by this act, all powers granted to them by this act, and shall perform all the duties imposed upon them by this act, which shall include the following: ....

Further, Section 305(a)1, 25 P.S. § 2645(a)1, refers to the inclusion of "special questions" on the ballot as follows:

> The County shall be liable for the expenses ... on any special question which is required by law to be, or which is, at the discretion of the county board, as *hereinafter provided,* printed on the regular ballot after the list of

---

**1.** This Court's scope of review is limited to a determination of whether or not there are any apparently reasonable grounds for the action of the trial court. *Valley Forge Historical Society v. Washington Memorial Chapel,* 493 Pa. 491, 426 A.2d 1123 (1981).

the candidates, or on the same voting machine as the list of candidates. (Emphasis added.)

Nowhere is it provided in the Election Code that county election boards have the discretion to authorize non-binding referenda questions on the ballot. The phrase "as hereinafter provided" in Section 2645 makes clear that the election boards only have discretion to place questions on the ballot when the Election Code specifically grants them that discretionary power. Analysis of the succeeding provisions of the Election Code fails to demonstrate any instances in which the Election Board is conferred discretion to place a question on the ballot.

In 1973, the legislature approved the Act of June 27, 1973, P.L. 75, 24 P.S. § 7–701.1 (Act 34), which granted new powers to the Pennsylvania Department of Education for review and approval of the building of school district facilities. More specifically, Act 34 set forth specific procedures to involve the public in decisions related to the construction or leasing of new school buildings or making substantial additions to existing school buildings. Act 34 provides in pertinent part:

> [T]he board of school directors of any school district ... shall not construct, enter into a contract to construct or enter into a contract to lease a new school building or substantial addition to an existing school building without the consent of the electors obtained by referendum or without holding a public hearing as hereinafter provided.

24 P.S. § 7–701.1. In addition, Act 34 clearly requires that the board of school directors, not the election board, shall obtain the consent of the electorate by referendum or public hearing prior to the construction or leasing of a new school building or making substantial additions to an existing school building.

Several trial courts of this Commonwealth have confronted the issue of non-binding referendum by ballot. In *Northwestern Lehigh School District v. Election Board of Lehigh County,* 43 Lehigh Law Journal 99 (1988), the court stated:

The issue of the right to have non-binding referenda on the ballot has been subjected to judicial review in this and other counties a sufficient number of times to have developed a certain amount of consistency with uniform results. Thus, in *Upper Saucon Township v. The Election Board of Lehigh County*, 83–C–279, following *Lansdale v. Election Board of Montgomery*, 7 D. & C.3d 220 (1978), this court held that in the absence of any specific legislative authority the court is without authority to compel an election board to place a non-binding advisory question on the ballot.

*Id.* at 101. In *In Re: School Building Referendum, Shanksville Stoney Creek School District*, 27 Somerset Legal Journal 10 (1971), the Court of Common Pleas of Somerset County held that there cannot be a non-binding referendum by ballot unless there is a specific constitutional or statutory authorization for it. Moreover, in the matter of *Allentown School District Referendum*, 13 D. & C.3d 741 (1980), where the Lehigh County Election Board attempted to place a non-binding question on the ballot in the 1980 primary election, the trial court in enjoining the election board action held that questions may not be placed before the electorate without limitations, particularly in those instances where the legislature has clearly delegated to school board members the operation of school districts. The court further observed that it was powerless to sanction ballot status for non-binding referenda questions and that "[i]t is not the intention of the court, nor would it be in the public interest, to open a floodgate of advisory questions on every issue of public moment." *Id.* at 744.

■ Finally, in *Williams v. Rowe*, 3 Pa.Commonwealth Ct. 537, 544–45, 283 A.2d 881, 885 (1971), this Court held that:

One of the prices paid for the creation of a representative democracy is the vesting by the electorate of trust and responsibility in its elected representatives. Discretion is placed within the hands of the municipal legislators and we must accept the lawful exercise of this discretion.

The efficiency of government, its stability, and the protection of the public at large necessitates the creation of certain categories wherein the legislative prerogative is unfettered by the initiative and referendum processes. The electorate nevertheless is not helpless in defending itself against unlawful legislation in the statutorily excluded areas, for it is before our courts that one may come and assert the illegality of a particular piece of legislation. Furthermore, it is at the ballot box that a voter may express his disapproval of the legislative programs of his elected officials.

This logic has been used by a number of trial courts in situations similar to the one addressed by this Court today. *See Allentown School District Referendum; Roth v. Saeger,* 36 Lehigh Law Journal 515 (1976). Thus, although the trial court here found that the non-binding referendum represents a First Amendment right, this Court must recognize that the electorate does not have an unfettered right to question school board actions or intended actions.

It is therefore Hempfield's position, and this Court concurs, that applicable law provides to the school directors the option as to the means for obtaining public review of the construction or leasing of a new school building or making substantial additions to existing school buildings. It is thus clear that Act 34 placed the decision in the hands of the local school board, not the election board, as to exactly how to obtain public input (via elector referendum or public hearing) into plans to construct or lease a new school building or to make a substantial addition to an existing school building. Hence, the action of the Election Board was a violation of Act 34. As such, the Election Board here had no legal authority for its decision to place the non-binding referendum on the May 15, 1990 primary ballot.

The Election Board contends that Hempfield is not entitled to an injunction because the referendum in question will not submit Hempfield to great and irreparable harm. That contention, however, must be rejected as the unlawful action by the Election Board per se constitutes immediate

and irreparable harm.[2] *Commonwealth v. Coward,* 489 Pa. 327, 414 A.2d 91 (1980); *Pennsylvania Public Utility Commission v. Israel,* 356 Pa. 400, 52 A.2d 317 (1947); *Milk Marketing Board v. Kreider Dairy Farms,* 50 Pa.Commonwealth Ct. 560, 413 A.2d 426 (1980); *City of Erie v. Northwestern Pennsylvania Food Council,* 14 Pa.Commonwealth Ct. 355, 322 A.2d 407 (1974).

Accordingly, this Court concludes that there were no reasonable grounds for the action of the trial court and the injunctive relief requested by Hempfield must be granted. The decision of the trial court is reversed, and the Election Board of Lancaster County is enjoined from including the aforementioned non-binding referendum on the May 15, 1990 primary election ballot pursuant to order entered by this Court on May 8, 1990.

**2.** Before this Court is the appeal from the denial of a preliminary injunction by the trial court. This Court notes that were this an appeal of the merits of the underlying complaint and this Court were to determine the Election Board resolution to be an adjudication, it would appear that such action was invalid for failure to comply with the provisions of the Local Agency Law concerning notice and opportunity for hearing. *See also Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981). Accordingly, there would be every likelihood of success on the merits and the preliminary injunction was therefore improperly denied.