### Blythe Township v. Board of Elections of Schuylkill County

*George J. Krueger,* for plaintiffs.
*Lloyd Hampton,* for defendants.

RUBRIGHT, *J.,* October 24, 1991—This matter is presently before the court on the plaintiffs' motion for

temporary restraining order and preliminary injunction and their complaint in equity in which they request the court to direct that the defendant be temporarily, preliminarily and permanently enjoined from placing on the November 5, 1991, general election ballot question 1 of the non-binding referendum proposed by the County Commissioners. A hearing was held and we are now prepared to dispose of the matter in its entirety.

## FINDINGS OF FACT

(1) Plaintiff, Blythe Township, is a political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania and is a township of the second class located in Schuylkill County, Pennsylvania.

(2) Plaintiffs Lubinsky, Nothstein and Conville are duly elected supervisors of Blythe Township, reside in Blythe Township and are taxpayers.

(3) Plaintiffs Kristoff and Piccioni are individuals and taxpayers residing in Blythe Township.

(4) Plaintiff Clean Waste Control Inc. is a New Jersey corporation having its principal place of business at 849 Harrison Avenue, Kearny, New Jersey 07032 and a place of business in the Commonwealth of Pennsylvania at S.R. 1006, Burma Road, Blythe Township, Schuylkill County, Pennsylvania 17030.

(5) Plaintiff Triangle Land Corp. is a Pennsylvania corporation having its principal place of business in Schuylkill County, Pennsylvania 17030.

(6) Defendant Board of Elections of Schuylkill County is an election board organized and existing under the laws of the Commonwealth of Pennsylvania, 25

P.S. §2600 et seq. By statute, the Board of Elections procures the ballots for elections and has prepared the ballot for the November 5, 1991, general election.

(7) Clean Waste has proposed to build and operate a soil remediation facility (project) in Blythe Township. Soil remediation facilities are sometimes called "soil burners."

(8) On or about June 17, 1991, the Board of Supervisors of Blythe Township adopted a resolution in which it agreed to act as host community for Clean Waste pursuant to Pennsylvania Solid Waste-Resource Recovery Development Act of 1974, Act 198.

(9) On or about July 8, 1991, the Zoning Hearing Board of Blythe Township issued an order granting Clean Waste's application for an interpretation, special exception and variance permitting Clean Waste to construct the project.

(10) On or about August 26, 1991, the Municipal Authority of the Township of Blythe, as lessor, and Triangle, as lessee, entered into a lease agreement for the leasing of land in Blythe Township (the premises) in order to permit Triangle to sublet the premises to Clean Waste for use by Clean Waste for the construction and operation of the project.

(11) On or about August 27, 1991, Triangle, as lessor, and Clean Waste, as lessee, entered into a sublease agreement.

(12) On or about September 17, 1991, the Board of Commissioners of Schuylkill County adopted a policy:

"That the questions regarding the placement of soil burners, medical waste incinerators and/or hazardous

waste projects be submitted to the people of Schuylkill County in a non-binding referendum in the November 1991, general election phrased as follows:

"1. Should soil burners be permitted in Schuylkill County?

"2. Should medical waste incinerators be permitted in Schuylkill County?

"3. Should hazardous waste projects be permitted in Schuylkill County?"

(13) The plaintiffs seek an order enjoining the Board of Elections from placing on the November 5, 1991, ballot question 1 of the proposed non-binding referendum included in the commissioner's statement of September 17, 1991.

(14) The ballots for the November 5, 1991, general election have been printed and the non-binding referendum question at issue here appears on the ballot.

## DISCUSSION

In *Hempfield School District v. Election Board of Lancaster County,* 133 Pa. Commw. 85, 574 A.2d 1190 (1990), the Commonwealth Court held that a county election board does not have the discretion to authorize non-binding referendum questions on the ballot. The Commonwealth Court concluded that the placement of such questions on the ballot consitutes immediate and irreparable harm per se. Therefore, the Election Board of Lancaster County was enjoined from including the non-binding referendum on the election ballot.

We see no basis upon which to distinguish the instant non-binding referendum question from that involved

in *Hempfield.* We are bound by the decision of the Commonwealth Court.

## CONCLUSIONS OF LAW

(1) The court has jurisdiction over the parties and the subject matter of this litigation.

(2) The Board of Elections of Schuylkill County has no authority to place non-binding referendum questions on the ballot.

(3) The plaintiffs would suffer immediate and irreparable harm if the voters of Schuylkill County were allowed to vote on question 1 of the non-binding referendum included on the November 5, 1991, ballot.

Accordingly, we enter the following

## ORDER OF COURT

And now, October 24, 1991, at 9:15 a.m. upon consideration of the plaintiff's motion for temporary restraining order and preliminary injunction and their complaint in equity, as well as the memoranda of law submitted on behalf of the parties, it is hereby ordered that the plaintiff's requests for injunction are granted. The Board of Elections is hereby directed to take whatever steps it deems necessary in order to ensure that question 1 of the non-binding referendum appearing on the November 5, 1991, election ballot is not voted upon by the voters of Schuylkill County nor tabulated.