600 A.2d 231

## BOARD OF ELECTIONS OF SCHUYLKILL COUNTY, Appellant,

v.

BLYTHE TOWNSHIP, Albert Lubinsky, Adam J. Nothstein, Robert Conville, Michael Kristoff, David Piccioni, Clean Waste Control, Inc. and Triangle Land Corporation, Appellees.

Commonwealth Court of Pennsylvania.

Argued Oct. 29, 1991.

Decided Nov. 1, 1991.

Publication Ordered Dec. 16, 1991.

Lloyd R. Hampton, Asst. County Sol., for appellant.

George J. Krueger, for appellees.

Thomas J. Foley, for amicus curiae.

Before CRAIG, President Judge, McGINLEY, J., and BARRY, Senior Judge.

BARRY, Senior Judge.

This is an appeal from an order of the Honorable Wilbur Rubright, Judge of the Court of Common Pleas of Schuylkill County entered on October 24, 1991, which granted the motion of Blythe Township (the Township), for a temporary restraining order, preliminary injunction, and a permanent injunction which enjoined the Board of Elections of Schuylkill County (the Board) from placing a non-binding referendum on the November 5, 1991 General Election Ballot. Blythe Township, a second class township, located in Schuylkill County, on or about June 17, 1991 adopted a resolution in which it agreed to act as a host community for Clean Waste pursuant to the Pennsylvania Solid Waste–Resource Recovery Development Act of 1974, Act of July 20, 1974, P.L. 572, No. 198, 35 P.S. § 755.1. The Township subsequently entered into various agreements to permit the construction and operation of a project in accordance with this resolution.

On or about September 17, 1991, the Commissioners of Schuylkill County adopted a policy which provided as follows:

That the questions regarding the placement of soil burners, medical waste incinerators and/or hazardous waste projects be submitted to the people of Schuylkill County in a non-binding referendum in the November 1991 General Election phrased as follows:

1) Should soil burners be permitted in Schuylkil County?

2) Should medical waste incinerators be permitted in Schuylkill County?

3) Should hazardous waste projects be permitted in Schuylkil County?

The Township and the other appellees sought an order to enjoin the Board from placing on the November 5, 1991 ballot Question 1 of the proposed non-binding referendum included in the Commissioners' statement of September 17, 1991.

On October 24, 1991, Judge Rubright entered an order granting the injunction. In that order he directed the Board to take whatever steps deemed necessary in order to ensure that Question 1 of the non-binding referendum be not voted upon by the voters of Schuylkill County. This opinion concerns itself, therefore, only with the first question on the ballot.

The appellant Board argues that it has the power to conduct the referendum. It attempts to distinguish the case of *Hempfield School District v. Election Board of Lancaster County,* 133 Pa.Commonwealth Ct. 85, 574 A.2d 1190 (1990), from the present case. In *Hempfield* a school district brought an action seeking to enjoin a county election board from including on the ballot a non-binding referendum concerning the school board's plan to erect a new high school. This Court held that, under the provisions of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3573, a governmental body such as an election board has only those powers expressly granted to it by the legislature and the Election Code did not give the election board discretion to place a non-binding referendum on the ballot. The Board in this case attempts to distinguish *Hempfield* on several grounds. First of all it invokes Article 9, Section 5 of the Pennsylvania Constitution (the Local Government article) which provides for intergovernmental cooperation as follows:

A municipality by act of its governing body may, or upon being required by initiative and referendum in the area affected shall, cooperate or agree in the exercise of any function, power or responsibility with, or delegate or transfer any function, power or responsibility to, one or

more governmental units including other municipalities or district, the Federal government, any other state or its governmental units, or any newly created governmental unit.

The Board also invokes Article 9, Section 14 which defines the term "referendum" to mean "approval of a question placed on the ballot, by initiative or otherwise, by a majority vote of the electors voting thereon." Since the County of Schuylkill is currently in the process of rewriting its zoning ordinance, the Board construes the two constitutional provisions cited above to give the county commissioners the right to seek public input on issues of local impact relating to the rezoning and to request the Board to place questions on the ballot.[1]

The Board calls our attention to 25 P.S. § 2645(a)(1), which provides in pertinent part:

The county shall be liable for the expenses of holding special elections for any city, borough, township, school district or other municipality or incorporated district contained therein, which is held on the day of any general, municipal or primary election, and on any special question which is required by law to be, or which is, at the discretion of the county board, as hereinafter provided, printed on the regular ballot after the list of the candidates, or on the same voting machine as the list of candidates.

The Board contends that the phrase "as hereinafter provided" relates only to the payment of costs, and does not indicate a restriction on its discretion, as expressed in subsequent sections of the Election Code.

We reject the arguments of the Board that a fair reading of the above cited sections of the Election Code and the Constitution, when taken together, leads to the logical conclusion that the Board is vested with discretion to put non-

---

1. We were informed at oral argument that, in this municipal election year, the election board which normally consists of the board of county commissioners, consists of only one of the county commissioners because the other two commissioners are candidates.

binding referenda on the ballot. We do not construe the constitutional provisions in the Local Government article to impact in the manner suggested by the Board on election procedures which arise out of the Election Code or Article 6, Elections, of the Constitution. We refuse to overrule *Hempfield* when it decided that the phrase "as hereinafter provided" means "that the election boards only have discretion to place questions on the ballot when the Election Code specifically grants them that discretionary power." *Hempfield*, 133 Pa.Commonwealth Ct. at 89, 574 A.2d at 1191.

The Board attempts also to distinguish *Hempfield* on the ground that the School District in that case had the power to review and approve a proposed building of new school district facilities by initiating its own referendum and, therefore, the action of putting a non-binding referendum on a ballot by a different body, in that case at the request of citizens, was an impropriety which distinguishes that case from the present one. We disagree with this distinction suggested by the Board and wish to make it plain that unless there is a specific statute authorizing a non-binding referendum a board of elections is without power to place such a question on the ballot. Representative government and the legislative process demand such a result.

### ORDER

NOW, October 29, 1991, it is ORDERED that the order of the Court of Common Pleas of Schuylkill County, at No. S–1853–1991, granting a preliminary injunction, is affirmed. *Hempfield School District v. Election Board*, 133 Pa.Commonwealth Ct. 85, 574 A.2d 1190 (1990).