## Pennsylvania Public Utility Commission *v.* Israel et al., Appellants.

Argued March 25, 1947. Before MAXEY, C. J.,DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

402

reargument refused April 17, 1947.

406

408

*Joseph Sharfsin,* with him *Irving R. Shull* and *Bernard L. Lemisch,* for appellants.

*Gabriel D. Weiss,* with him *William M. Rutter,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 29, 1947:

The entire decree of the court below, enjoining the defendants from, inter alia, operating motor vehicles in the City of Philadelphia or elsewhere in this Commonwealth in the manner or of the character herein described; from offering, rendering, furnishing or supplying service as a public utility within this Commonwealth; from operating motor vehicles in this Commonwealth bearing the word "taxicab" or "cab" upon such vehicle; from holding out, offering, or undertaking, directly or indirectly, service for compensation, whether in the nature of tips, gratuities or otherwise to the public for the transportation of passengers; from permitting or suffering any motor vehicle owned by them or any of them to be operated in any of the manners aforesaid, is affirmed upon the opinion of Judge WOODSIDE of the court below.

Judge WOODSIDE in his opinion discussed and correctly decided all the questions raised in the court below.

In this court appellants for the first time contended that the court below did not possess the jurisdiction nor the power to enter its decree upon the subject matter involved and against the defendants herein. We have considered this contention and we find no merit in it. Appellants claim that the alleged lack of jurisdiction arises from Article V, section 26, of the Constitution of Pennsylvania. This section provides as follows: "All laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction and powers of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process and judgments of such courts, shall be uniform . . ."

In answer to this contention, it must be noted (1) that Article 5, section 4, of the Constitution provides as follows: "Until otherwise directed by law the courts of common pleas shall continue as at present established, except as herein changed . . ." And (2) that the Act

of April 7, 1870, P. L. 57; 17 PS 255, provides as follows: "The court of common pleas of the county of Dauphin is hereby clothed with jurisdiction, throughout the state, for the purpose of hearing and determining all suits, claims and demands whatever, at law and in equity, in which the commonwealth may be the party plaintiff, for accounts, unpaid balances, unpaid liens, taxes, penalties and all other causes of action real, personal and mixed."[2]

In *Commonwealth v. Wilkins*, 271 Pa. 523, 115 A. 887, this court said of the above Act of 1870, "its evident purpose is that the Commonwealth, when suing in her own right, shall be allowed to prosecute her claims at the seat of government, and not be required to go to other parts of the State, where the defendants happen to reside. The fact that, under other legislation, she has also the privilege of proceeding wherever the defendants may be found and served with process, is beside the question; for this does not repeal the Act of 1870, either expressly or by implication, and hence she still has the absolute right to litigate her claims in Dauphin County, if she chooses so to do."

Appellants specifically contend that section 903 of the Public Utility Law of May 28, 1937, P. L. 1053, 66 PS 1343, is in direct conflict with Article 5, section 26, of the Constitution. This section provides as follows: "Whenever the commission shall be of opinion that any person . . . is violating, or is about to violate, any provisions of this act, or has done, or is about to do any act, matter, or thing herein prohibited or declared to be unlawful; . . . then and in every such case the commission may institute in the court of common pleas of Dauphin County, injunction, mandamus, or other ap-

---

[2] The Act of May 25, 1937, P. L. 793, amended the above Act of 1870 by adding after the word "Dauphin" the following: "the judges of the orphans' court of Dauphin County are hereby clothed with jurisdiction throughout the State", etc.: 17 PS 1946 Cumulative Annual Pocket Part section 255.

propriate legal proceedings, to restrain such violations of the provisions of this act, or of the regulations, or orders. of the commission, and to enforce obedience thereto; and such court of common pleas is hereby clothed with exclusive jurisdiction throughout the Commonwealth to hear and determine all such actions. No injunction bond shall be required to be filed by the commission."

In adopting the Constitution of 1874 containing Article 5, section 4, above quoted, the people of this Commonwealth obviously intended that the Court of Common Pleas of Dauphin County should until otherwise directed by law "continue as at present established", that is, continue as a court with State-wide jurisdiction in all litigation "in which the Commonwealth may be party plaintiff."

When by section 903 of the Public Utility Law of May 28, 1937, the Public Utility Commission as an agent of this State was authorized to institute in the Court of Common Pleas of Dauphin County injunction, mandamus or other appropriate legal proceedings to restrain the violations of the Public Utility Law of this Commonwealth or of the regulations or orders of the Commission and in effect directed that the Commission could resort to no other court for the same purpose, the Court of Common Pleas of Dauphin County "continued as at present established". Section 903 of the Act of 1937, supra, merely gave to the Public Utility Commission access for certain public purposes, to this long-established Court of Common Pleas, which since 1870 has possessed State-wide jurisdiction. The fact that this access was thus given to an agency of the State which was not in existence in 1870 did not change the character of the Court of Common Pleas of Dauphin County.

The fact that section 903 of the Act of 1937, supra, gave the Court of Common Pleas of Dauphin County "exclusive jurisdiction throughout the Commonwealth to hear and determine all such actions", i. e., the actions

enumerated in this section, does not offend Article 5, section 26, of the Constitution, which declares that "the organization, jurisdiction and powers of all courts of the same class or grade . . . shall be uniform." Since by the Act of 1870 the Court of Common Pleas of Dauphin County was made a Court of Common Pleas of a special class, to wit, a court with State-wide jurisdiction, and since Article 5, section 4, of the Constitution declares that the "Court of Common Pleas shall continue as at present established" (meaning thereby that the court of common pleas of Dauphin County as well as all other courts "should continue as at present established"), the Act of 1937 giving the court with unique jurisdiction *exclusive* jurisdiction of the actions enumerated in Section 903, does not offend the uniformity provisions the appellants invoke.

It would be anomalous if any provision of the Constitution required this court to cripple the Commonwealth in the performance of its functions by holding that the Act of 1870, supra, and the Act of 1937, supra, are invalid, and that as a result of such invalidity the Commonwealth, whose seat of government is in Dauphin County, *can* in prosecuting claims or in resorting to legal and judicial process in enforcing its laws resort to the Court of Common Pleas of Dauphin County *only when* the defendants in such proceedings reside in that County or can be served with process there. Apparently those men who framed, and the voters who adopted, the Constitution of 1874 never intended that the Commonwealth should be compelled when it is its duty to assume the role of a litigant, to depart from the seat of government and to institute and carry on its actions, in law or in equity, in *that one* of the State's 67 counties in which those against whom its actions are directed happen to reside.

Under the Act of 1937, supra, the Public Utility Commission could institute these proceedings to restrain violations of the provisions of the Public Utility

Act and of the regulations and orders of the Public Utility Commission and to enforce obedience to those laws and regulations, only in the Court of Common Pleas of Dauphin County and that Court possessed the exclusive jurisdiction to enter its decree upon the subject matter involved. This Act of 1937 is constitutional. The decree appealed from is well supported in fact and is in obedience to the prescriptions of the law.

The decree is affirmed, costs to be paid by the appellants.