Hilltown Township *v.* Mager et ux.

Argued June 6, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Charles J. Mager,* for himself.

*Victor S. Jaczun,* with him *Smith and Wilson, Davis A. Franklin* and *Townsend, Elliott & Munson,* for appellee.

OPINION BY JUDGE WILKINSON, July 28, 1972:

We are here concerned with three orders of the lower court which held appellants in contempt of court and granted injunctive relief to Hilltown Township (Township) upon finding that appellants had violated the Township building and zoning ordinances. The appeal docketed to 65 Transfer Docket 1971 was originally filed in the Supreme Court but was transferred to this Court along with the appeals docketed to 66 Transfer Docket 1971 pursuant to Section 507(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L.    , No. 223, 17 P.S. §211.507. The appeals docketed to 66 Transfer Docket 1971 should have been filed in this Court originally. *See* Sections 402(4) and 503 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §211.402(4) and 17 P.S. §211.503.

65 T. D. 1971
CONTEMPT PROCEEDING

On October 10, 1968, the lower court, after hearing, preliminarily enjoined appellants from continuing to construct or using a one-story concrete block building on a tract of land owned by them until building and zoning permits had been obtained. This order was not appealed. Subsequent to this order, the Township issued a building permit to appellants to complete the building and bring it into compliance with the Town-

ship's building ordinance. The building permit carried an added typewritten notation that it was not a zoning permit. On October 16, 1969, Hilltown Township petitioned and obtained a rule to show cause why appellants should not be held in contempt of court for disobeying the court's order of October 10, 1968. After a hearing on April 13, 1970, at which defendants neither appeared nor were represented by counsel, defendants were adjudged in contempt of court. The lower court entered an order holding appellants in contempt, and further, ordered that "[appellants] . . . shall purge themselves of the aforesaid contempt not later than Monday, June 1, 1970," and "on or before the said First day of June, 1970, [appellants shall] vacate or cause to be vacated the [one-story concrete block] building and thereafter not use or permit the said building to be used for any purpose whatsoever until final hearing in this case or, until a valid zoning permit be issued for such use by the proper authorities of the Township of Hilltown." In addition, the lower court set a date for the final hearing on the complaint and ordered the appellants to "grant free and unmolested access to the building which is the subject of this proceeding . . . over and across the lands of said defendants during daylight hours on June 1 [through] June 5, 1970, by the zoning officer of the Township of Hilltown and the chief of police of the said township for the purpose of inspection of the said building to determine whether or not the said defendants are in compliance with this order and the order of the court entered October 10, 1968."

We have reviewed the record and contempt order of the lower court and, with one modification, find it in accordance with law and, accordingly, affirm. We find that the lower court's order entered October 10, 1968, was both sufficiently specific and definite to put the appellants on notice as to what conduct was prohibited,

and that appellants had notice of the order by virtue of their presence, by counsel, in open court when the lower court handed down its order from the bench. *East Caln Township v. Carter*, 440 Pa. 607, 269 A. 2d 703 (1970). In spite of the court's order, the record is clear that appellants completed construction of the one-story concrete block building which they had permission to do and rented the building to tenants which they did not have permission to do. The sanctions imposed by the court were proper for the purpose of forcing appellants to comply with the court's order with one exception. We see no need for that portion of the court's order granting "free and unmolested access" to the building in question. The record is devoid of any evidence that appellants ever resisted any attempt by officials of the Township to enter and inspect the building. Obtaining of a search warrant is the proper method of approaching this problem if either the appellants or their tenants refuse entry to the building in question. *See See v. City of Seattle*, 387 U.S. 541, 18 L. Ed. 2d 943, 87 S. Ct. 1737 (1967). *See also Camara v. Municipal Court*, 387 U.S. 523, 18 L. Ed. 2d 930, 87 S. Ct. 1727 (1967).

**66 T. D. 1971**

INJUNCTIVE RELIEF

On August 5, 1970, the Township commenced two actions in equity against appellants, alleging that appellants had converted two buildings on land owned by them, described in the testimony as a shed building and a farmhouse building, into apartments without obtaining building or zoning permits. The Township also alleged that the appellants had leased the shed dwellings to tenants. Appellants by answer admit that the farmhouse has been converted into apartments, but deny that the shed building was converted or used as apartments. By way of defense, appellants argue that

the Township's zoning ordinance is unconstitutional and that the ordinances enacting the zoning code and building code are invalid because of procedural defects. In addition, appellants argue that they are entitled to zoning permits for both buildings as a result of the failure of the Township zoning hearing board to render a decision within forty-five days of their application to the board from the refusal of the zoning officer to grant the requested permits. Section 908 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. , No. 247, 53 P.S. §10908(9). *See Morgan v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 362, 283 A. 2d 95 (1971).

Appellants also counterclaimed for damages. The lower court reserved decision on the counterclaim until final hearing.

At the hearing for preliminary relief on April 13, 1971, the appellant-husband representing himself, the township secretary testified that no zoning permits or building permits had been issued for either building. The township chief of police testified that both buildings in question had been altered and converted to apartment use and that the shed dwelling was presently occupied as an apartment. The lower court preliminarily enjoined appellants from using either building as apartments until proper building and zoning permits had been obtained. We note that the printed record contains the contempt proceedings that followed the issuance of the preliminary injunctions. Inasmuch as appellants appeal only the grant of the preliminary injunctions, the validity of the contempt proceedings is not before us.

Our scope of review on appeals from the grant or refusal of preliminary injunctions is to determine whether or not reasonable grounds appear for the granting of the preliminary injunction, and not to pass on the merits of the dispute. *McMullan v. Wohlgemuth,*

444 Pa. 563, 570, 281 A. 2d 836, 840 (1971). "A preliminary injunction of any kind should not be granted unless both the right of the plaintiff is clear and immediate and irreparable injury would result were the preliminary injunction not granted." *McMullan v. Wohlgemuth, supra*, at 572, 281 A. 2d at 840, Section 617 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. , No. 247, 53 P.S. §10617, provides that Hilltown Township in cases such as the present "in addition, to other remedies, may institute in the name of the municipality any appropriate action or proceeding to prevent, restrain, correct or abate such building, or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation." It is clear that the injury to the Township is immediate as well as irreparable. At the hearing, the Township established a prima facie showing that appellants were in violation of the Township's building and zoning ordinances. Appellants' continuing violation of the Township's ordinances is unlawful conduct of a most serious nature and a threat to the health, safety, and welfare of the remainder of the Township populace. Such conduct is a proper subject for preliminary injunctive relief. *See Pennsylvania Public Utility Commission v. Israel*, 356 Pa. 400, 52 A. 2d 317 (1947). "A preliminary injunction is to put and keep matters in the position in which they were before the improper conduct of the defendants commenced and to prevent them from gaining any advantage by their own wrongful acts: (citing cases)." *Pennsylvania Public Utility Commission v. Israel, supra*, at 408, 52 A. 2d at 321-22.

We will deal briefly with appellants' contentions. The lower court properly refused to consider any constitutional challenge to the zoning ordinance as a defense to these actions in equity. *Muncy Borough v. Stein*, 440 Pa. 503, 270 A. 2d 213 (1970); *Honey Brook Township v. Alenovitz*, 430 Pa. 614, 243 A. 2d 330

(1968). Appellants also suggest that both the zoning ordinance which was adopted October 30, 1959, and the building ordinance which was adopted December 30, 1966, contain procedural defects which affect the legality of the ordinances. Appellants' remedy was to file a complaint within 30 days of the effective date of the offending ordinance, pursuant to Section 702 of the Second Class Township Code, Act of May 1, 1933, P. L. 103, as amended, 53 P.S. §65741.[1]  *Roeder v. Hatfield Borough Council*, 439 Pa. 241, 266 A. 2d 691 (1970); *McCarthy v. Lower Gwynedd Township*, 435 Pa. 75, 255 A. 2d 569 (1969). By permitting appellants to now raise the question of procedural invalidity of the ordinances, we would be allowing them to raise an issue for the first time that they would be foreclosed from raising under Section 702 of the Second Class Township Code by their tardiness. We will not do so. As to appellants' claim that they are entitled to zoning permits by operation of the forty-five-day rule, this goes to the merits of the dispute and is not properly raised here.

The orders of the lower court as modified herein are affirmed.

---

[1] In the future, the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.     , No. 247, as amended by the Act of June 1, 1972, P. L.     , No. 93, effective August 1, 1972, will provide the procedure to be used with respect to substantive and procedural objections to the validity of a zoning ordinance or map.