## Borough of Ridgway Zoning Hearing Board v. Buehler Lumber Co., Inc.

*Gerard R. Sorg*, for plaintiff.
*Alvin B. Coppolo*, for defendant.

GREINER, *P.J.*, October 8, 1981—Plaintiff filed a complaint requesting the court to issue an injunction prohibiting defendant from operation of a wood-waste burner, which burner is an integral part of defendant's manufacturing process, and that a fine of $300 per day for the operation of said burner be imposed pursuant to Ridgway Borough Zoning Ordinance Article VI, Section 604.2. Defendant filed preliminary objections requesting dismissal of the complaint for the following reasons:

1. "By the enactment of Article 1, Section 27 of the Constitution of the Commonwealth of Pennsylvania, the Commonwealth has preempted the right to establish clean air standards and regulations in regard thereto and enforcement thereof."

2. "Article 3, Section 305 of the Ridgway Borough Zoning Ordinance which '. . . prohibits the use of industrial process that may be noxious or injurious by reason of the production or emission of dirt, smoke . . .' is unenforceable for reason that it is arbitrary and cannot be comprehended or understood by careful reading thereof."

3. "Article 3, Section 305 of the Ridgway Borough Zoning Ordinance is unenforceable for reason that it does not establish standards for acceptable smoke emission by industries and permissible particulate content."

Plaintiff filed preliminary objections to defendant's preliminary objections alleging defendant's preliminary objections were not timely filed and were not in conformity with Pa.R.C.P. 1017(b) and 1509, to which defendant replied, oral arguments were heard and both parties requested time for filing written briefs and reply briefs which have been received.

Confirming the court's oral disposition with respect to the timeliness of defendant's preliminary objections, we hold that they were timely filed and dismiss plaintiff's preliminary objections relating thereto.

We recognize and accept plaintiff's position that it is permitted to enforce its zoning ordinance by the use of an injunction: Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. § 10617; Board of Supervisors of West Brandywine Township v. Matlack, 38 Pa. Commonwealth Ct. 366, 394 A. 2d 639 (1978); Hilltown Township v. Mager, 6 Pa. Commonwealth Ct. 90, 293 A. 2d 631 (1972).

Plaintiff vigorously opposes defendant's right to challenge the validity of the zoning ordinance by preliminary objection and relies upon section 1004 of the Municipalities Planning Code of June 1, 1972, P.L. 333, 53 P.S. § 11004, as exclusive mode by which the validity of the ordinance can be "challenged," and by reason of this "adequate remedy at law" the court sitting in equity does not have subject matter jurisdiction to decide the issue, citing Pittsburgh Outdoor Advertising Company v. Clairton, 390 Pa. 1, 133 A. 2d 542 (1957); Bliss Excavating Company v. Luzerne County, 418 Pa. 446, 211 A. 2d 532 (1965); Hilltown Township v. Mager, supra. Each of these cases are factually distinguishable from the present circumstances and are inapposite. Both Ryan, Pennsylvania Zoning Law And Practice, and Leiberman & Rabin, Law Of Zoning In Pennsylvania, cite numerous cases holding that the statutory remedy under section 11004, supra, is not exclusive. Where equity has assumed jurisdiction of a case to enjoin a nuisance or anticipate a nuisance, it may adjudicate incidentally the validity of a zoning ordinance: Kelly v. Philadelphia, 382 Pa. 459, 115 A. 2d 238 (1955). We are

compelled to hold that equity has jurisdiction and defendant has a right at this time to challenge the constitutionality and validity of the ordinance and/or pertinent sections thereof by way of preliminary objection and count two of plaintiff's preliminary objections is dismissed.

Is Article III, Section 305 of the Ridgway Borough Zoning Ordinance enforceable? It provides:

"No lot shall be used, nor building erected, altered or used, for any trade, industry or business that is obnoxious, or offensive by reason of odor, dust, smoke, gas, vibration, illumination, or noise, or otherwise creats a nuisance or hazard to public health, safety and welfare."

In the present situation defendant has no standard to determine what must be done to be in compliance with the ordinance. Section 305 does not provide for permissible smoke emission standards, nor permissible particulate content standards, and as a result thereof industry is at the mercy of a "judgment call" of the enforcement officers.

In the case of Commonwealth Trust Co. v. First National Bank of New Kensington, 84 D. & C. 421, 35 Westmoreland 127 (1953), it was held that a rule or regulation of an administrative agency or officer should be definite and certain, and not arbitrary, and a rule that cannot be comprehended or understood by a careful reading thereof is unenforceable.

Although this is not a criminal prosecution, by reason of the severe penalties authorized the requirement of specificity is as important as in the criminal law. Rules of criminal procedure require the defendant to be advised of the nature of the offense charged in order that he might prepare a defense thereto. The same rule is applicable to charges made alleging violations of zoning ordinances.

Has the Commonwealth of Pennsylvania preempted the enforcement of air pollution standards?

Article I, §27, of the Constitution of the Commonwealth of Pennsylvania, adopted May 18, 1971, provides: "The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people."

Originally air quality standards were enforced pursuant to provisions of the Act of January 8, 1960, P.L. (1959) 2119, sec. 1 et seq., as amended, 35 P.S. §4001, known as the Air Pollution Control Act. Section 12 of the act, 35 P.S. §4012, reserved certain powers to political subdivisions providing that: "(a) Nothing in this act shall prevent . . . boroughs from enacting ordinances with respect to air pollution which will not be less stringent than the provisions of this act or the rules and regulations promulgated pursuant to its provisions. . . ."

In support of the previously discussed specificity requirement it is apparent from the language of section 12 that any municipality enacting an ordinance providing for the regulation of emissions must also establish standards for emissions in order that these standards may be compared with the standards promulgated by virtue of the provisions of the act itself.

Although we cannot agree with the contention of defendant that the Air Pollution Control Act was repealed by the Act of April 9, 1929, P.L. 177, as amended December 3, 1970, P.L. 834, effective January 19, 1971, 71 P.S. §510-1(16), it in no way

diminishes the requirement that boroughs may enact ordinances "which will not be less stringent than the provisions of this act or the rules and regulations promulgated pursuant to its provisions." The act provides:

"The Department of Environmental Resources shall, subject to any inconsistent provisions in this act contained, continue to exercise the powers and perform the duties by law heretofore vested in and imposed upon: . . . (16) The Department of Health, by the act of January 8, 1960 (P.L. 2119), known as the 'Air Pollution Control Act;' . . . (23) The Air Pollution Commission, created by the act of January 8, 1960 (P.L. 2119), known as the 'Air Pollution Control Act,' which commission is hereby abolished. . . ."

Thus we hold that although the enforcement and administration of the provisions of the Air Pollution Control Act were transferred to the Department of Environmental Resources its provisions remain in full force and effect including the enabling section 12 permitting boroughs to enact their pollution ordinances which are not less stringent than the provisions of the act and rules and regulations promulgated pursuant to its provisions. Thus excepting the enabling section 12 of the Air Pollution Control Act the Commonwealth of Pennsylvania has preempted the enforcement of air pollution standards and to come within the enabling exception of section 12 of the act plaintiff must establish standards with sufficient specificity to determine if its provisions are not less stringent than the provisions of the act and the rules and regulations promulgated pursuant to its provisions and to put on notice the standards required by persons subject to its provisions.

For the foregoing reasons we make the following

### ORDER

Now, October 8, 1981, it is ordered and decreed that defendant's preliminary objections are sustained and plaintiff's complaint is dismissed.