In re The **APPEAL OF LITTLE BRITAIN TOWNSHIP FROM THE DECISION OF THE ZONING HEARING BOARD OF LITTLE BRITAIN TOWNSHIP, LANCASTER COUNTY, PENNSYLVANIA.**

**Lancaster County Turf Products, Inc. and Lancaster County Turf Products, L.P., Appellants.**

Commonwealth Court of Pennsylvania.

Argued Sept. 19, 1994.
Decided Dec. 6, 1994.

Randall C. Schauer, for appellants.

Elizabeth A. Hambrick–Stowe, for appellee.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

This is an appeal by Lancaster County Turf Products, Inc. and Lancaster County Turf Products, L.P. (LCTP) from the October 12, 1993 order of the Court of Common Pleas of Lancaster County (trial court) affirming the amended decision of the Zoning Hearing Board (ZHB) of Little Britain Township (Township) dated March 12, 1992 and dismissing the appeal of LCTP.

LCTP is the owner of land in the Township zoned A–1–Agricultural District. Sometime in 1990 LCTP began to prepare and use the land to process "spent mushroom compost" which is what is left from the growing of mushrooms. The processing involves spreading the compost on land to a depth of thirty-six (36) inches, turning it periodically, allowing it to "leach" out for a period of twelve (12) to eighteen (18) months, after which it is harvested, packaged and sold as soil, primarily potting soil and top soil. This process is a continuous operation. (R.R. 196a–203a, 256a–259a.)

On February 7, 1991, Township's zoning officer issued an enforcement notice[1] to

---

1. The enforcement notice, as herein relevant, is as follows:

A. Article V–A–1.02 You have begun and are conducting an industrial and commercial use of the premises in violation of the Permitted Uses section.
B. 814 You have constructed a manure storage facility without obtaining a permit from the Zoning Officer.
C. 902.a You have commenced excavation on the property and constructed an earthen mound, excavated at a drainage inlet pipe and constructed a series of streets on the property without a zoning permit for such work.
D. 903.a You have used the premises for commercial storage and spreading of solid waste, hazardous waste, residual waste, mushroom compost and other unidentified material without a Certificate of Use and Occupancy for such use.
E. 904.a You have changed the use of the land and structures at the premises from Agricultural to Commercial and Industrial without first obtaining a permit or a Certificate of Use and Occupancy.

LCTP which it timely appealed.[2] On August 21, 1991[3] the ZHB, after hearings on the enforcement notice, filed its Findings of Fact, Conclusions of Law and Decision. (R.R. 81a–116a.) Under its conclusions of law, it stated:

In the present case, the essential nature of the activity is allowing a natural process to change a relatively less desirable product into a relatively more desirable product, and then to market the more desirable product. This is clearly not industrial. It is not commercial. We find that it is one of the "agricultural uses related to the tilling of the land" and "horticultural uses related to the raising, propagating and selling of trees, shrubs, flowers and other vegetative materials", as allowed in the A–1 District.

(R.R. 106a–107a.)

and filed a decision as follows:

1. Paragraph A of the Enforcement Notice is dismissed, except as related to future compost removal operations. To that extent it is affirmed.

2. Paragraph B of the Enforcement Notice is affirmed, as modified, solely with respect to the fencing requirement of the Ordinance;

3. Paragraph C of the Enforcement Notice is affirmed with respect to the road construction which took place prior to April 8, 1991, the date Applicant applied for a building permit. To the extent Paragraph C relates to events following the Zoning Officer's denial of

Applicant's request for a building permit, Paragraph C is denied.

4. Paragraph D of the Enforcement Notice is denied.

5. Paragraph E of the Enforcement Notice is denied, except as related to future compost removal operations. To that extent it is affirmed.

6. Paragraph F of the Enforcement Notice is denied, except as related to future compost removal operations. To that extent it is affirmed.

(R.R. 115a–116a.)

LCTP timely appealed,[4] as did the Township and Concerned Citizens of Little Britain Township (Concerned Citizens), the August 21, 1991 decision to the trial court. LCTP appealed only those matters in the enforcement order which were affirmed by the ZHB, as well as the affirmance of the denial of a permit for a truck scale.

On November 15, 1991, prior to any action on the three appeals before the trial court, Concerned Citizens filed a motion, joined in by Township, with the trial court seeking to admit into evidence orders of the Department of Environmental Resources (DER) dated July 25, 1991 as amended August 14, 1991, and a report by one Dr. Nathaniel Cobb (Cobb) for the Center for Disease Control of Atlanta, Georgia (CDC).

LCTP filed an answer to Concerned Citizens' motion; the trial court, after argument, on January 3, 1992 entered an order[5] remanding the case to the ZHB:

---

F. 902.9 To the extent the correspondence from the then Township Zoning Officer Marsh dated March 22, 1990 in response to an inquiry dated March 20, 1990 and additional correspondence dated October 3, 1990 from the then Township Zoning Officer Marsh in response to an inquiry dated September 28, 1990 is considered authorization to proceed or a permit (which interpretation is not accepted by the Township) said correspondence and the opinions stated therein are based on false statements and/or misrepresentations by you in the inquiry in that you:
(There then follows a) through i), the alleged misrepresentations.)
(R.R. 61a–63a.)

2. LCTP also appealed the February 9, 1991 denial of a permit to construct a truck scale.

3. Erroneously stated in the record at times as being August 21, 1989.

4. This appeal is docketed at 4302 Term 1991 in the trial court. Township and Concerned Citizens filed separate appeals docketed at 4277 Term 1991 and 4874 Term 1991, respectively. The trial court consolidated the three appeals by order dated January 3, 1992.

5. At the time of Concerned Citizens' motion on November 15, 1991 and LCTP's answer thereto, the report of Cobb had not been released. The record does not reveal whether the report was available to the trial court at or before January 3, 1992, the date of its order granting Concerned Citizens' request.

[F]or the purposes of conducting a further hearing or hearings to consider as evidence in this land use matter the orders of the Pennsylvania Department of Environmental Resources dated July 25, 1991 and August 14, 1991.

(R.R. 174a.)

and further ordered that Concerned Citizens and Township:

[M]ay present evidence with respect to the findings of the Center for Disease Control ... with respect to the land and/or the compost in question.

(R.R. 174a.)

Following a remand hearing, the ZHB, on March 12, 1992, filed an "Amended Decision"[6] from which LCTP timely filed an "amended appeal" to the trial court.[7]

In its original March 4, 1991 appeal from the enforcement notice to the ZHB, LCTP specifically asserted that it had acquired vested rights and/or a variance by estoppel, (R.R. 18a–19a, 28a–29a) and requested the zoning officer be reversed by reason thereof (R.R. 82a); however, neither in its findings of fact, nor its conclusions of law, nor in its decision, did the ZHB address LCTP's claim of vested right/variance by estoppel.

In LCTP's original appeal to the trial court on September 20, 1991 from portions of the ZHB decision of August 21, 1991, it asserted in paragraphs 9(f) and (g) that the ZHB erred,

   (f) by failing to failing [sic] to find that LCTP has acquired a vested right in the use of the Property because of its exercise of due diligence, good faith, expenditure of substantial and unrecoverable sums, and the lack of adverse impact of the activity on the public interest;

   (g) by failing to find that LCTP is entitled to a variance by estoppel due to the fact that the Township acquiesced in the alleged illegal use, LCTP acted in good faith and, in relying upon the acquiescence of the Township, and expended substantial sums of money to purchase the Property and to proceed with the use of the Property; ...

(R.R. 10a.)

In its amended notice of appeal, on April 13, 1992, to the trial court from the ZHB's amended decision of March 12, 1992, LCTP incorporated by reference its appeal of September 20, 1991 from the ZHB's decision of August 21, 1991. (R.R. 177a.)

The trial court, by order dated October 12, 1993, affirmed the March 12, 1992 order of the ZHB and dismissed the appeal of LCTP.[8]

---

6. The ZHB's amended decision provided as follows:

(a) Paragraph A of the Enforcement Notice is affirmed. For reasons stated above, the Board finds that Applicant's use has sufficient industrial and commercial features to make it inappropriate for an agricultural zone;

(b) Paragraph B of the Enforcement Notice, relating to the construction of a manure storage facility, is affirmed solely with respect to the fencing requirement of the Ordinance;

(c) Paragraph C of the Enforcement Notice is affirmed with respect to the road construction which took place prior to April 8, 1991, the date Applicant applied for a building permit. To the extent Paragraph C relates to events following the Zoning Officer's denial of Applicant's request for a building permit, Paragraph C is denied;

(d) Paragraph D of the Enforcement Notice, stating that Applicant used the property for commercial storage and the spreading of materials on the land without a certificate for use and occupancy, is affirmed;

(e) Paragraph E of the Enforcement Notice, which charges Applicant with changing the use of the land and the structures from agricultural to commercial and industrial is affirmed; and

(f) Paragraph F of the Enforcement Notice, relating to the making of false and misleading statements to the Township, is affirmed.

(R.R. 193a–194a.)

7. LCTP filed an amended appeal at 4302 Term 1991, being the same docket number as its original appeal from the August 21, 1991 decision of the ZHB. Neither the Township nor Concerned Citizens appealed the March 12, 1992 amended decision of ZHB.

8. The record is clear that neither the Township nor Concerned Citizens took any further action in opposition to the March 12, 1992 amended decision of the ZHB or the trial court's order of October 12, 1993. Notwithstanding, LCTP filed with us three petitions for review/notice of appeal, being (1) 2686 C.D.1993 based on its appeal and amended appeal filed at docket number 4302 Term 1991 in the trial court, (2) 2685 C.D.1993 based on the appeal of Concerned Citizens at docket number 4277 Term 1991 from the initial decision of the ZHB, and (3) 2687 C.D.

LCTP timely appealed the trial court's October 12, 1993 order to this Court. In its statement of questions involved, LCTP, as summarized, presents the following three issues for our consideration: (1) whether the trial court erred in basing its opinion, in part, upon the decision of this Court in the case of *Little Britain v. Lancaster County Turf Products, Inc. and Lancaster County Products, L.P.*, 146 Pa.Commonwealth Ct. 211, 604 A.2d 1225 (1992) (Township Equity Case), in which we reversed the trial court's refusal to continue an ex parte preliminary injunction and directed reinstatement of the preliminary injunction, preliminarily restraining LCTP[9] from carrying on activities on the land without first obtaining permits; (2) whether the trial court erred in allowing the Township and Concerned Citizens to reopen the proceedings before the ZHB for the purpose of introducing hearsay evidence from the DER and CDC; and (3) whether the ZHB and the trial court erred in upholding the enforcement order and in otherwise failing to find that LCTP's use of the property was a permitted use under the ordinance.

We first address whether the trial court was in error in holding that our decision in the Township Equity Action was a final decision on the merits of LCTP's claim that it had acquired "vested rights/variance by estoppel", thus precluding it from raising that issue in this proceeding.

In the Township Equity Action, the Township, on March 8, 1991 filed a complaint in equity pursuant to Section 617[10] of the Municipalities Planning Code (MPC)[11] to enjoin LCTP's use of its property by reason of its violation of Section 904 of its ordinance relating to the necessity for obtaining permits prior to the use and occupancy of the land. The trial court, upon motion of the Township, granted an ex parte preliminary injunction.[12] Following a hearing on the continuance of the ex parte preliminary injunction, the trial court "denied plaintiff's (Township's) petition for a preliminary injunction" and vacated the grant thereof. We vacated the trial court's order and remanded with directions to reinstate the preliminary injunction.

■ The trial court committed error in holding that our decision and order in the Township Equity Action, not being appealed to our Supreme Court, constituted a final judgment. The trial court overlooked the nature of the proceeding of an action in equity wherein a preliminary injunction is sought, either ex parte or after hearing on a request therefor pending final hearing. A

1993 based on the appeal of Township at docket number 4874 Term 1991 from the initial decision of the ZHB.

LCTP states in its brief (p. 6) that it "appealed the decision of the lower court and in an excess of caution appealing each of the Common Pleas cases separately. Appellant is filing with the brief and reproduced record, a motion to consolidate all three appeals at No. 2686 C.D.1993."

We neither recognize nor give validity to LCTP's procedure in filing the appeals at 2685 C.D.1993 and 2687 C.D.1993. It had neither standing nor any basis to file the appeals; furthermore, it has neither advanced any argument in support of said appeals in its filed brief nor filed a separate brief. Accordingly, we will enter an order dismissing the appeals at 2685 C.D. 1993 and 2687 C.D.1993, the costs of both to be borne by LCTP, and we will only address the appeal at 2686 C.D.1993.

9. The record before us does not demonstrate whether there was ever a final hearing to determine whether or not a permanent injunction should issue.

10. Section 617 provides, as herein relevant, as follows:

In case ... any land is, or is proposed to be ... used in violation of any ordinance ... the governing body, an officer of the municipality ... may institute any action or proceeding to ... restrain ... any action or use constituting a violation.

In addition to the foregoing, Article IX, Sections 902 and 904 of Ordinance No. 16–1987 of Little Britain Township requires permits for the use and occupancy of the land as well as for work being done thereon and authorizes the Township to bring "any appropriate action ... in equity" for failure to obtain the requisite permits.

11. Act of December 21, 1988, P.L. 1329, No. 170, *as amended*, 53 P.S. § 10617.

12. Pa.R.C.P. No. 1531(a) authorizes the issuance of a preliminary injunction ex parte where "it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice...."

preliminary injunction is to put and keep matters in the position in which they were before the improper conduct of the defendant commenced. *Pennsylvania Public Utilities Commission v. Israel,* 356 Pa. 400, 52 A.2d 317 (1947); *Audenried v. Philadelphia & R.R. Co.,* 68 Pa. 370, 8 Am.Rep. 195 (1871). The sole object of a preliminary injunction is to preserve the subject of the controversy in the condition in which it is when the order is made, it is not to subvert, but to maintain the existing status until the merits of the controversy can be fully heard and determined. *Mahanoy Township Authority v. Deaper,* 356 Pa. 573, 52 A.2d 653 (1947). In the hearing upon a preliminary injunction, it is neither necessary nor proper to decide the case as though on final hearing. *Crestwood School District v. Topito,* 76 Pa.Commonwealth Ct. 321, 463 A.2d 1247 (1983). A preliminary injunction cannot serve as a judgment on the merits since by definition it is a temporary remedy granted until that time when the party's dispute can be completely resolved. *Consolidation Coal v. District 5, United Mine Workers,* 336 Pa.Superior Ct. 354, 485 A.2d 1118 (1984).

In *Mager v. Hilltown Township,* 6 Pa.Commonwealth Ct. 90, 293 A.2d 631 (1972), *appeal dismissed,* 411 U.S. 979, 93 S.Ct. 2273, 36 L.Ed.2d 955 (1973), we were presented with a fact situation wherein Hilltown alleged that Mager converted two buildings on land owned by him into apartments without obtaining building or zoning permits. After hearing, the trial court preliminarily enjoined Mager from using the buildings as apartments until proper building and zoning permits had been obtained. In affirming the trial court, we held:

> Our scope of review on appeals from the grant or refusal of preliminary injunctions is to determine whether or not reasonable grounds appear for the granting of the preliminary injunction, and not to pass on the merits of the dispute. *McMullan v. Wohlgemuth,* 444 Pa. 563, 570, 281 A.2d 836, 840 (1971). "A preliminary injunction of any kind should not be granted unless both the right of the plaintiff is clear and immediate and irreparable injury would result were the preliminary injunc-

tion not granted." *McMullan v. Wohlgemuth,* supra, at 572, 281 A.2d at 840. *Section 617 of the Pennsylvania Municipalities Planning Code,* Act of July 31, 1968, P.L. 805, No. 247, 53 P.S. § 10617, *provides that* Hilltown Township in cases such as the present *"in addition to other remedies, may institute in the name of the municipality any appropriate action or proceeding to prevent, restrain,* correct or abate such building, structure or land, or to prevent, *in or about such premises, any act, conduct, business or use constituting a violation." It is clear that the injury to the Township is immediate as well as irreparable.* At the hearing, the Township established a prima facie showing that appellants were in violation of the Township's building and zoning ordinances. Appellants' continuing violation of the Township's ordinances is unlawful conduct of a most serious nature and a threat to the health, safety, and welfare of the remainder of the Township populace. *Such conduct is a proper subject for preliminary injunctive relief.* See *Pennsylvania Public Utility Commission v. Israel,* 356 Pa. 400, 52 A.2d 317 (1947).

> "A preliminary injunction is to put and keep matters in the position in which they were before the improper conduct of the defendants commenced and to prevent them from gaining any advantage by their own wrongful acts: (citing cases)." *Pennsylvania Public Utility Commission v. Israel,* supra, at 408, 52 A.2d at 321–322.

*Mager,* 6 Pa.Commonwealth Ct. at 95–96, 293 A.2d at 634. (Emphasis added.)

In the Township Equity Action, a preliminary injunction issued ex parte, and the Township's application for a continuance thereof was denied. Neither the issuance of the preliminary injunction nor the denial of its continuance constituted a hearing on the merits. The trial court denied the continuance of the ex parte preliminary injunction using the criteria enunciated in *T.W. Phillips Gas & Oil Co. v. Peoples Natural Gas Co.,* 89 Pa.Commonwealth Ct. 377, 492 A.2d 776

(1985).[13]  The Township argued before us that the proper standard for the issuance of a preliminary injunction in a zoning case was Section 617 of the MPC and we agreed.  In so agreeing, we did not address the merits of the case, but held that a failure to obtain permits as required by the zoning ordinance is a per se violation, thus establishing reasonable grounds for the continuance of the preliminary injunction.  *Mager.*  Our order directing the trial court to reinstate the preliminary injunction did not decide the matter finally;  neither did it obviate the necessity of a final hearing on the merits to determine whether or not a permanent injunction should issue without qualification or conditioned upon obtaining the requisite permits.

For all the foregoing reasons, the trial court committed error in holding that the Township Equity Case was a final judgment on the merits and that LCTP was collaterally estopped from relitigating the issue of vested rights/variance by estoppel in this proceeding.

We next address whether the trial court committed error in granting the motion of Concerned Citizens/Township to introduce additional evidence.

In its motion, Concerned Citizens/Township alleged that Section 1005–A of the MPC, 53 P.S. § 11005–A,[14] permits the introduction of additional evidence upon motion of a proponent and sought the admission into evidence of documents being (1) an order of the

DER dated July 25, 1991 as amended August 14, 1991 [15] (R.R. 153a–163a);  (2) report of Dr. Nathaniel Cobb of the CDC regarding the investigation of the subject property, "should it be released to the public in time for oral argument";  and, (3) results from DER testing of the spent mushroom compost and well water on the subject property should these reports be released to the public in time for oral argument.[16]

LCTP filed an answer (R.R. 166a–172a) to Concerned Citizens/Township's motion objecting to the admission of the documents and asserting the following regarding the reports and orders sought to be admitted: (a) they constituted hearsay;  (b) that pursuant to Section 11005–A of the MPC the trial court may exercise its discretion only upon a *showing* that proper consideration of the appeal requires the presentation of additional evidence;  (c) that Concerned Citizens/Township's motion contained no such "showing";  and (d) that the two DER orders have been appealed to the Environmental Hearing Board.

As to the CDC report, the only allegation relative thereto made by Concerned Citizens/Township was that this report "will also provide indispensable evidence to which the Zoning Hearing Board would have deferred" (R.R. 152a) without a hint of what the indispensable evidence was.  The trial court did not hold a hearing whether to receive addi-

---

**13.** The criteria applied by the trial court as set forth in *T.W. Phillips* was:

> A court may grant a preliminary injunction only where the moving party establishes the following familiar elements: (1) the relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (2) greater injury will occur from refusing the injunction than from granting it; (3) the injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct; (4) the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and (5) the plaintiff's right to relief is clear.

*T.W. Phillips*, 89 Pa.Commonwealth Ct. at 383, 492 A.2d at 780.

**14.** Section 11005–A provides, in relevant part:

> If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge

of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence, ...

**15.** The only difference in the two orders is that paragraph Q of the August 14, 1991 order alleges that the Department "has received numerous complaints and accounts concerning ill effects ... experienced by individuals residing and working in the vicinity of the LCTP Facility since it began operation in January 1991, ... such as hypersensitivity, bronchitis, nose bleeds, dry coughs and other respiratory problems which are alleged to have been contracted or intensified after the commencement of LCTP's activities."

**16.** The trial court did not mention this document in its January 3, 1992 order remanding the matter to the ZHB.

tional evidence, but instead issued an order remanding the matter to the ZHB with directions to consider the two DER orders and the report from the CDC without setting forth in the record before us what was "shown" by Concerned Citizens/Township that "proper consideration of the land use appeal requires the presentation of additional evidence."

There are no cases which have been decided under the above quoted language of Section 1005–A; however, former Section 1010 [17] of the MPC, 53 P.S. § 11010, which was repealed and replaced by Section 1005–A, contained virtually the same language as set forth in Section 1005–A. The language of Section 1010 of the MPC was referenced in *Danwell Corporation v. Zoning Hearing Board,* 115 Pa.Commonwealth Ct. 174, 540 A.2d 588, *appeal denied,* 520 Pa. 620, 554 A.2d 511 (1988). In *Danwell* it was claimed that the trial court abused its discretion by refusing to accept additional evidence and that some of the evidence was not available at the hearing before the board and that other evidence was improperly excluded by the board. In affirming the trial court's denial of Danwell's request to present additional evidence, we held:

In this case, the board's decision included 27 findings of fact. A court of common pleas faces compulsion to hear additional evidence in a zoning case *only* where the party seeking the hearing demonstrates that the record is incomplete because that party was denied the opportunity to be heard fully, or because relevant testimony was offered and excluded. *Borough Council of Churchill Borough v. Pagal, Inc.,* 74 Pa.Commonwealth Ct. 601, 460 A.2d 1214 (1983). In his opinion, the trial judge found that Danwell was given every oppor-

tunity to present relevant evidence at the zoning hearing, and therefore refused to accept additional evidence on appeal.

*Danwell,* 115 Pa.Commonwealth Ct. at 178, 540 A.2d at 590. (Emphasis added). See also *Boron Oil Company v. Franklin,* 2 Pa.Commonwealth Ct. 152, 277 A.2d 364 (1971); *Hedrick v. Zoning Hearing Board of Lower Saucon Township,* 23 D & C 3rd 684 (1981) [18] succinctly states the rule as follows:

In a zoning appeal, a court's obligation to hear additional testimony under this section, is premised upon appellant's demonstration that the record was incomplete either because appellant was refused the opportunity to be fully heard, or that relevant testimony was excluded.

Our review of the record reveals that the ZHB in its original August 21, 1991 decision made 80 findings of fact, of which findings 50 through 61 and 69 through 80 dealt with the health effects of spent mushroom compost, and under its Conclusion of Law, subheading Community Health, Safety and Welfare, the ZHB wrote as follows:

### COMMUNITY HEALTH SAFETY AND WELFARE.

This Board is a zoning board. It does not have the scientific expertise of the Department of Environmental Resources, nor the resources of the Center for Disease Control. However, the Township Zoning Ordinance and the Municipalities Planning Code do empower the Board to make decisions in accordance with what has been proven regarding threats to the community health, safety and welfare. To that extent, the issue of dangers to the public health are properly before us. Two distinct health issues were discussed in the

---

**17.** The language of former Section 1010 of the MPC was as follows:

Section 1010. Hearing and Argument of Zoning Appeal.—If upon motion it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence.... If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence or ap-

point a referee to take additional evidence, and findings of the governing body, board or agency shall not be disturbed by the court if supported by substantial evidence. If the record does not include findings of fact, or if additional evidence is taken by the court or by a referee, the court may make its own findings of fact based on the record below as supplemented by the additional evidence, if any.

**18.** *Boron* and *Hedrick* were decided, as was *Danwell,* under repealed Section 1010 of the MPC.

testimony; allergy-like symptoms, and the risk of contracting cancer.

The Board appreciates the difficulty in producing testimony on the issue of a link between spent mushroom compost and various diseases. However, the Board notes that southern Chester County, only a few minutes drive from Little Britain Township, is extensively used for mushroom cultivation, and that neither the Township nor the Concerned Citizens produced any witnesses who live near any of the mushroom growing and composting operations in Chester County to testify concerning any health problems they might have. The absence of testimony regarding the ill health of anyone who has lived around mushroom compost for years is, in the eyes of this Board, significant.

Concerned Citizens Exhibit 14 indicates 35 households surrounding the site. At the time of the hearings, representatives of six of these households appeared and testified regarding health problems they had experienced, Ruth Bramble N.T. 6–25–91, 63–64); [sic] Barbara White, N.T. 6–26–91, 69; Marie Eller, N.T. 6–25–91, 77–80; Frank Shine, N.T. 6–25–91, 82–83; Laura Meyer, N.T. 6–25–91, 84–86 (same household as Mr. Shine); Robert Chadwick, N.T. 6–25–91, 88; and Lois Tomlinson, N.T. 7–16–91, 81–83. Some of the symptoms reported were similar to some of the testimony described in the article brought to the Board's attention by Mr. Furches relating to occupational diseases in the mushroom industry. Some of the symptoms were not. The Board notes with interest that Mr. Furches' exhibit, Concerned Citizens Exhibit 18, appears to contradict Dr. Wuest's testimony about possible health problems in the mushroom industry. Finding of Fact 57. Neither the Concerned Citizens as a group, the concerned citizens individually, nor the Township were able to produce any medical testimony establishing a link between the composting operation and the symptoms of the members of the six households.

(R.R. 110a–111a.)

The ZHB, based on the record before it, entered its decision on August 21, 1991 in which it found that LCTP's use of its land was a permitted use in the A–1–Agricultural district. This finding was made in the face of Concerned Citizens/Township presenting evidence in ZHB's findings of fact 50 through 61 and 69 through 80 which dealt with the effect on health of spent mushroom compost and also, as set forth hereinabove, under the ZHB's conclusion of law in which the ZHB alludes to both the CDC and the DER.

The record before us also demonstrates that Concerned Citizens/Township were not prevented by the ZHB from presenting any testimony; significantly, Concerned Citizens/Township do not allege in their motion that they were prevented by the ZHB from presenting relevant testimony as to the effects of spent mushroom compost on the health of the community. The January 3, 1992 order of the trial court directing the admission into evidence of the report of Dr. Cobb of the CDC and the DER orders and remanding the matter to the ZHB was not consistent with the legislative mandate of Section 1005–A, *Danwell, Boron Oil Company,* and *Hedrick.*

In addition to the foregoing, LCTP specifically objected to the admission of the CDC report and the DER orders as hearsay before the trial court. (R.R. 167a.) Both the report and the orders were introduced into the record over objection and no additional evidence was presented in support thereof, thus depriving LCTP of an opportunity for cross examination regarding said evidence.

■  Section 908 of the MPC [19] specifically provides, in relevant part, as follows regarding hearings conducted by the ZHB:

> The board *shall conduct hearings* and make decisions *in accordance with the following requirements:*
>
> .  .        .        .        .
>
> (5) The parties *shall* have the right to be represented by counsel and *shall be afforded the opportunity to* respond and present evidence and argument *and cross-examine adverse witnesses* on all relevant issues.

**19.** 53 P.S. § 10908(5).

(Emphasis added.)

Significantly, the legislature in the use of the word "shall" in both the introductory paragraph and subparagraph (5) of Section 908 of the MPC made it mandatory that in all hearings before a zoning hearing board the parties are entitled, as a matter of due process to, inter alia, "cross-examine adverse witnesses." It admits of no argument that the trial court, in allowing the ZHB to receive into evidence in the remand hearing the written CDC report and the written DER orders, denied LCTP its fundamental right to test the validity of said evidence through cross-examination.

The ZHB's amended decision of March 12, 1992 affirming the enforcement order, in view of its original decision of August 21, 1991, is based solely on the report of the CDC and, as to LCTP, was hearsay.[20] In the case of *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976), we set forth guidelines to be used in determining the weight which hearsay evidence, admitted into evidence by an administrative tribunal, is to be given based on whether an objection to said evidence has been made. We stated:

(1) Hearsay evidence, *properly objected to*, is not competent evidence to support a finding of the Board ...; (2) Hearsay evidence, *admitted without objection*, will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record*, but a finding of fact based *solely* on hearsay will not stand.

*Walker*, 27 Pa.Commonwealth at 527, 367 A.2d at 370. (Emphasis in original). (Citations omitted).

■ The CDC report was objected to by LCTP and there being no corroborating evidence in support thereof, the CDC report cannot stand as support for the ZHB's amended decision reversing its original decision as to the permitted use of the property.

■ Regarding the two orders issued by DER, we note that both orders are currently pending on appeal and should not have been relied on by the ZHB in rendering its decision as said orders were not yet final determinations on the matter.[21] Additionally, even if the conclusions reached by DER in the order were correct, namely, that LCTP is operating its facility in violation of the Pennsylvania Solid Waste Management Act[22] and the Clean Streams Law,[23] said determinations do not effect what the use of the property is for purposes of the zoning ordinance as interpreted by the ZHB. This Court has previously held that it is not for the ZHB to enforce the technical engineering regulations of the environmental agencies even though the ZHB may be convinced that an approval might have been improvidently granted. *In re Appeal of Klock*, 51 Pa.Commonwealth Ct. 641, 646, 415 A.2d 705, 707 (1980). Similarly, the DER is charged with the duty of enforcing and seeking compliance with the various environmental protection laws enacted by the legislature. Whether a landowner is in violation of said environmental laws as determined by the DER does not change the use

20. An example of the nature of the source for Dr. Cobb's report is, as summarized, as follows.

The report by Dr. Cobb of the CDC consists of 13 pages containing a description of the methodology leading to the report which the ZHB used to reverse its decision of August 21, 1991. The report contains tables and graphs; there are references to articles by five different authors without any indication as to their content; and there are numerous scientific terms and listings of chemical compounds which are not translated.

The report admittedly is based upon questionnaires answered by 67 residents of Lancaster County, 52 residents of West Grove, and 48 residents of Unionville, both in Chester County, none of whom were identified.

Information was received from studies conducted by two named industrial hygienists without reference to the content of the studies. Additionally, five unidentified physicians were interviewed who treated 13 unidentified residents in Lancaster County. Likewise, an unidentified health care provider at Project Salud and her unidentified physician preceptor were sources. Dr. Cobb also spoke with an anonymous farmer about the mushroom growing process.

21. We note that paragraph Q in the amended order of August 14, 1991, is hearsay since it recites what residents told DER.

22. Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§ 6018.101–6018.1003.

23. Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. § 691.1 *et seq.*

to which the land, under local zoning ordinance, may be put. Accordingly, the ZHB's affirmance of the enforcement order in reliance on the DER's order was erroneous.

For all the foregoing reasons, we conclude that it was error for the trial court to grant Concerned Citizens' and the Township's motion to introduce the additional evidence, namely, the CDC report and the DER orders. Accordingly, the ZHB's decision, based on this evidence, was a nullity.[24] We will, therefore, reverse the trial court's order dated October 12, 1993 affirming the ZHB's amended decision, reinstate the ZHB's decision dated August 21, 1991 and remand the matter to the trial court for a determination of the appeals of LCTP, Concerned Citizens and the Township from said decision.

### ORDER

AND NOW, this 6th day of December, 1994, it is hereby ordered as follows:

1. The motion of Lancaster County Turf Products, Inc. and Lancaster County Turf Products, L.P. to consolidate its appeals at 2686 C.D.1993, 2685 C.D.1993 and 2687 C.D. 1993 is denied and the appeals at 2685 C.D. 1993 and 2687 C.D.1993 are dismissed, costs of both appeals to be borne by Lancaster County Turf Products, Inc. and Lancaster County Turf Products, L.P.

2. The order of the Court of Common Pleas of Lancaster County dated October 12, 1993 is reversed and the decision and order of the Zoning Hearing Board of Little Britain Township dated March 12, 1992 is vacated. The decision of the Zoning Hearing Board of Little Britain Township dated August 21, 1991 is reinstated and the matter is remanded to the Court of Common Pleas of Lancaster County for a determination of the appeals by Lancaster County Turf Products, Inc. and Lancaster County Turf Products, L.P., Concerned Citizens of Little Britain Township and Little Britain Township from

the decision of the Zoning Hearing Board dated August 21, 1991.

Jurisdiction relinquished.

---

**24.** We note that because of our disposition of the second issue, i.e., whether the CDC report and the DER orders were properly before the ZHB, we need not address LCTP's third issue, namely whether there was substantial evidence to support the ZHB's amended decision.