APT PITTSBURGH LIMITED
PARTNERSHIP,
Plaintiff,

v.

PENN TOWNSHIP, Butler County of Pennsylvania, a Political Subdivision of the Commonwealth of Pennsylvania, the Penn Township Board of Supervisors, and the Penn Township Zoning Hearing Board, Defendants.

No. CIV.A. 98–129.

United States District Court,
W.D. Pennsylvania.

Feb. 27, 1998.

Clifford Levine, Thorp Reed & Armstrong, Pittsburgh, PA, for Plaintiff.

Philip Lope Zelienople, PA, James A. Taylor Butler, PA, for Defendants.

### MEMORANDUM OPINION and ORDER OF COURT

AMBROSE, District Judge.

The Federal Communications Commission granted Plaintiff APT Pittsburgh Limited Partnership ("APT") a license to provide wireless Personal Communications Service ("PCS") in the Pittsburgh Major Trading Area ("MTA"). *See* Complaint, ¶ 1. The MTA consists of western Pennsylvania, the West Virginia panhandle, and southeastern Ohio. The issuance of the license was predicated upon APT's assurance that it will provide seamless coverage. *Id.*, ¶ 12.

To ensure "seamless coverage," APT's engineers determined that an antenna site was needed in Penn Township. Having found a suitable parcel of land located in a residential area ("RE"), APT sought to negotiate a lease

with the property owner. In the meantime, Penn Township's Board of Supervisors enacted an "Amended Ordinance" restricting the erection of communications towers to "M" Districts. Nevertheless, APT entered into a lease for the "RE" property and filed an application with the Penn Township Zoning Hearing Board ("ZHB"), seeking permission to locate a tower on the property.

The application included a request for a variance, an exclusionary challenge to the Ordinance, and a challenge to the Ordinance under the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7). Following the presentation of evidence by APT, the ZHB issued a written decision denying the application for a variance. The ZHB was, however, unable to agree to any findings concerning the other challenges, and failed to issue a written decision on these issues. Accordingly, the challenges were deemed to be denied.

Following the denials, APT commenced this action. APT seeks declaratory, injunctive, equitable, mandamus and compensatory relief under the Telecommunications Act. According to APT, the interpretation and application of the Ordinance has effectively prohibited APT's right to construct a personal wireless service facility as contemplated by the Telecommunications Act. The ZHB's failure to issue a written decision based upon substantial evidence is also, APT complains, violative of the Act. Finally, APT urges that the denial of the variance and site specific relief were in error of law.

Pending is APT's "Application for Expedited Consideration." (Docket No. 2). APT correctly notes that the Telecommunications Act provides that district courts *shall* hear and decide any claims on an expedited basis. *See* 47 U.S.C. § 332(c)(7)(B)(v). The Act does not, however, define the term "expedited basis."

A threshold issue thus arises in that, as Penn Township alleges, "[a] record was not made before the [ZHB] on APT's claim under the Telecommunications Act." *See* Penn Township's Memorandum, p. 3. A brief period of discovery, Penn Township offers, during which it will be afforded the opportunity to test APT's claims, is thus necessary, and is consistent with the duty to address APT's claims in an expedited manner.

Yet, as Penn Township acknowledges, "[t]he Court's standard of review in passing on the action of the [ZHB] is to determine if the board's findings are supported by substantial evidence." *Id.* Permitting an additional period of discovery would not aid the Court in discharging its duties. Any newly discovered evidence could not have possibly formed the basis for the ZHB's denial of the requested relief. Affording a period of discovery would simply permit Penn Township to retroactively justify its decision (or lack thereof). Significantly, Penn Township has not cited to any authority in support of a grant of a discovery period.[1]

Although research did not reveal any decision disallowing such discovery, several cases, including those in which the board failed to issue a written decision, looked solely to the record as developed at the zoning hearing board level. *See Illinois RSA No. 3, Inc. v. County of Peoria,* 963 F.Supp. 732 (C.D.Ill.1997) (addressing a challenge under the Telecommunications Act where the county failed to issue a written statement of the reasons for denial of a special use permit, and making reference only to evidence presented before the zoning board); *BellSouth Mobility, Inc. v. Gwinnett County, Ga.,* 944 F.Supp. 923 (N.D.Ga.1996) (assessing whether a decision denying a special use permit was supported by "substantial evidence," and looking only to evidence submitted before the

---

1. Penn Township cites to the decision rendered in *Sprint Spectrum L.P. v. City of Medina,* 924 F.Supp. 1036, 1040 (W.D.Wash.1996) (stating that "[t]here is nothing to suggest that Congress ... intended to force local government procedures onto a rigid timetable where the circumstances call for study, deliberation, and decisionmaking among competing applicants."), in support of its request for a discovery period. Significantly, however, the *Medina* court was address-

ing whether a city's temporary moratorium on the issuance of special use permits, pending analysis of the impact of communications towers, was appropriate under the Act. The court was not assessing whether the grant of a discovery period, on an appeal of the denial of a use permit, was appropriate. Consequently, I do not find the *City of Medina* decision to be persuasive on this issue.

board in making this assessment); and *AT&T Wireless PCS, Inc. v. City Council of City of Virginia Beach,* 979 F.Supp. 416, 419 (E.D.Va.1997) (addressing Telecommunications Act challenge to denial of application for conditional use permit, and considering only a joint exhibit, which comprised "the entire record of the City Council's proceedings, as well as the information presented to Defendant before and during those proceedings."). These decisions suggest that a discovery period is inappropriate.

■ Penn Township complains that the Pennsylvania Municipalities Code contemplates the taking of additional discovery upon appeal. While I do not disagree with this general proposition, such additional discovery is predicated upon: (1) a party having been denied the opportunity to be heard fully; or (2) where relevant testimony was offered and rejected. *See In re Appeal of Little Britain,* 651 A.2d 606, 613 (Pa.Cmwlth.1994), *alloc. denied,* 541 Pa. 645, 663 A.2d 696 (1995). Penn Township has neither alleged, nor proven, similar circumstances here.

### ORDER OF COURT

**AND NOW,** this **27th** day of February, 1988, having reviewed the statutory language, the parties' briefs, and relevant case law, I conclude that the Telecommunications Act does not contemplate the establishment of a discovery period. The Court will consider the issues presented, *de novo,* based upon the record developed before the Penn Township Zoning Hearing Board.

It is hereby **ORDERED** that a Writ of Certiorari shall issue immediately, directing the ZHB to certify its entire record to this Court within **twenty (20) days** of the date of this Order. Plaintiff APT shall submit its Brief and Proposed Findings of Fact and Conclusions of Law within **twenty (20) days** of the date of certification of the record. Defendants shall submit their Brief and Opposing Findings of Fact and Conclusions of Law within **twenty (20) days** of receipt of Plaintiff's Brief. Briefs are *limited to twenty-five (25) pages in length,* and should contain pinpoint citations to the record. **No**

**Replies** will be accepted absent permission from the Court.