# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David W. Smith and
Donald Lambrecht,
              Petitioners

          v.

Governor Thomas W. Wolf, in his
official capacity as Governor of the
Commonwealth of Pennsylvania and
Commonwealth of Pennsylvania,
Department of Human Services,
              Respondents

:
:
:
:
:
:
:
:
:
:
:
:
:

No. 177 M.D. 2015
Argued: June 8, 2015

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: October 14, 2016**

Before this Court are the parties' cross-applications for summary relief. David W. Smith (Smith) and Donald Lambrecht (Lambrecht) (collectively, Petitioners) filed a petition for declaratory and injunctive relief seeking to invalidate an executive order (Executive Order) issued by Governor Thomas W. Wolf (Governor Wolf) pertaining to direct care workers (DCW) whose services to eligible aged or disabled individuals (participants) are paid by the Department of Human Services, Office of Long Term Living (Department). The Department and Governor Wolf (collectively, Respondents) also filed preliminary objections, which are before us for disposition.

Petitioners assert the Executive Order is an unauthorized exercise of power, is unconstitutional and is in conflict with existing labor and health laws. Respondents counter that Petitioners' claims are not ripe and their challenge lacks merit. Addressing similar contentions, this Court recently analyzed the validity of the Executive Order in Markham v. Wolf, __ A.3d __ (Pa. Cmwlth., No. 176 M.D. 2015, filed September 22, 2016) (en banc) (Markham). Following Markham, we grant Petitioners' application for summary relief as to those provisions of the Executive Order declared invalid (Sections 3 and 4, and parts of Sections 1 and 5). Also, we deny Respondents' application for summary relief as to the invalid provisions of the Executive Order. Further, we overrule their preliminary objections to the extent they are not mooted by our decision on the merits.

## I. Background

Other than the identity of the Petitioners, the background of this case is substantially similar to that set forth in Markham. Therefore, we incorporate the "Background," including terminology, from Markham by reference.

Petitioners here filed a petition for review containing identical claims to those contained in the petition for review the petitioners in Markham filed. Respondents filed preliminary objections to the petition for review. Specifically, they allege the action is not ripe because Petitioners raise purely speculative harm. Respondents also object in the nature of a demurrer to the claims that the Executive Order does the following: exceeds the Governor's authority; conflicts with statutory authority, (the Attendant Care Services Act,[1] (Act 150) the

---

[1] Act of December 10, 1986, P.L. 1477, as amended, 62 P.S. §§3051-3058.

2

Pennsylvania Labor Relations Act[2] (PLRA), and the Public Employe Relations Act[3] (PERA)); and, violates the PLRA or PERA.

Lambrecht is a DCW who provides personal care to Smith, a participant in a Home Care Program through Act 150. Lambrecht has provided services to Smith for more than 25 years. Petitioners claim a direct, substantial and present interest in the controversy.

Petitioners allege the Executive Order interferes with the unique relationship between a DCW providing in-home care, and the participant who employs him. Specifically, Smith alleges "the insertion of a union between he and his [DCW] will limit [his] authority … to make decisions about, direct the provision of, and control his direct care services." Pet. for Review, ¶3. Respondents thus disturb the employment relationship, creating a barrier and alternative communication structure regarding terms and conditions. Lambrecht also claims injury in that his "name and home address will be made available to employee organizations for the purpose of canvassing and recruitment, and he will be subjected to unwanted exclusive representation by a labor organization … [that] may materially alter the terms and conditions of [his] employment." Id., ¶4. Moreover, Lambrecht alleges he did not want representation by UHCWP. As a result, he is harmed because such representation is required for at least one year under the Executive Order's terms.

_____

[2] Act of June 1, 1937, P.L. 1168, as amended, 43 P.S. §§211.1-.13.

[3] Act of July 23, 1970, P.L. 563, as amended, 43 P.S. §§1101.101-.2301.

3

The parties entered into stipulations prior to the preliminary injunction hearing in April 2015. Then President Judge Dan Pellegrini conducted the hearing, after which he issued a preliminary injunction order identical to the order issued in Markham. The parties then entered into a second stipulation in June 2015.

After briefing, and hearing argument seriately with Markham, this case is ready for disposition.

## II. Discussion

The underlying claims are the same as those set forth in Markham. Accordingly, we adopt our analysis that applies to this case. However, we analyze Respondents' preliminary objection to the ripeness of Petitioners' claim separately.

### A. Preliminary Objections

"The question of standing is rooted in the notion that for a party to maintain a challenge to an official order or action, he must be aggrieved in that his rights have been invaded or infringed." Franklin Twp. v. Dep't of Envtl. Res., 452 A.2d 718, 719 (Pa. 1982). Ripeness involves a related challenge to whether the injury alleged is speculative as opposed to real and concrete. See Robinson Twp., Washington Cnty. v. Com., 83 A.3d 901 (Pa. 2013) (recognizing overlap between doctrines of standing and ripeness, especially as to allegations of speculative harm).

Our Supreme Court recognized DCWs and participants are sufficiently impacted by the Executive Order "from a standing perspective." Markham v. Wolf, 136 A.3d 134, 146 (Pa. 2016). Here, Petitioners are a DCW

and a participant who fostered a unique relationship over more than 25 years. They have an interest in maintaining the integrity of their relationship. Moreover, participants have a direct, substantial and immediate interest in maintaining control over their relationship with DCWs, which control is protected by Act 150.

Petitioners allege the Executive Order causes harm in that it interferes with the unique DCW-participant relationship by inserting the Department in a position of authority and influence, without input from participants. Further, the Executive Order created a process for unionizing DCWs, and empowering a Designated Representative to negotiate terms and conditions of employment with the Department. That negotiation process, called "meet and confer," is designed to result in a MOU that may bind participants in terms of wages, hours and benefits.

Although the specifics as to how that relationship would be altered are not now known, the interference with the relationship is concrete, and presently occurring. Participants' abilities to control and direct their care are undermined when they are excluded from a negotiation process designed to affect terms and conditions of employment. As employers, participants have a real and concrete interest in maintaining the status quo that the Executive Order disturbs. Contrary to Respondents' characterization, that harm is not speculative.

For these and the reasons set forth more thoroughly in Markham, we overrule Respondents' preliminary objection to the ripeness of Petitioners' claims.

## B. Summary Relief

From our review, Petitioners' application for summary relief is substantively similar to the application the petitioners filed in <u>Markham</u>. Thus, we adopt and apply our analysis in <u>Markham</u> to the declaratory and injunctive relief claims here.

## III. Conclusion

For the reasons set forth above and as incorporated from <u>Markham</u>, we grant Petitioners' application for summary relief in part as to those sections of the Executive Order we declared invalid in <u>Markham</u>, (E.O. Sections 1(d) and 1(e), 3 and 4, and Sections 5(b) through 5(g)). Respondents are also enjoined from enforcing those sections of the Executive Order or taking any actions in accordance with those sections. <u>Pa. Pub. Util. Comm'n v. Israel</u>, 52 A.2d 317 (Pa. 1947). Conversely, we deny Respondents' application for summary relief in part, as to the invalid sections and subsections of the Executive Order. Respondents' application for summary relief is granted in part, only as to the provisions of the Executive Order that retain their validity.

As a result, the preliminary objections of Respondents in the nature of a demurrer are rendered moot. <u>See</u> <u>Leach v. Turzai</u>, 118 A.3d 1271 (Pa. Cmwlth. 2015), <u>aff'd</u>, 141 A.3d 426 (Pa. 2016). We overrule Respondents' preliminary objection challenging the ripeness of Petitioners' claims.

ROBERT SIMPSON, Judge

Judge Covey did not participate in the decision in this case.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David W. Smith and
Donald Lambrecht,
                    Petitioners

      v.

Governor Thomas W. Wolf, in his
official capacity as Governor of the
Commonwealth of Pennsylvania and
Commonwealth of Pennsylvania,
Department of Human Services,
                    Respondents

:
:
:
:
:
:   No. 177 M.D. 2015
:
:
:
:
:
:
:
:

## O R D E R

**AND NOW**, this 14th day of October, 2016, having declared certain sections and subsections of Executive Order 2015-05 **INVALID** in Markham v. Wolf, __ A.3d __ (Pa. Cmwlth., No. 176 M.D. 2015, filed September 22, 2016) (en banc), Petitioners' Application for Summary Relief pursuant to Pa. R.A.P. 1532(b) is **GRANTED in PART**, only as to Sections 1(d) and 1(e), 3, 4, and Sections 5(b) through 5(g) of the Executive Order; and **JUDGMENT** is entered in their favor as to those sections and subsections only. Respondents' Application for Summary Relief is **DENIED in PART**, as to Sections 1(d) and (e), 3 and 4, and Sections 5(b) through 5(g) of Executive Order 2015-05, and **GRANTED in PART**, and **JUDGMENT** is entered in their favor as to the remaining provisions.

Pursuant to Markham, Respondents are **ENJOINED** from prospectively enforcing the sections of Executive Order 2015-05 declared invalid and *void ab initio*, or taking any future actions in accordance with those sections.

**AND FURTHER**, Respondents' preliminary objection to the ripeness of Petitioners' claims is **OVERRULED** for the reasons set forth in the foregoing opinion. Respondents' preliminary objections in the nature of a demurrer are **DISMISSED** as **MOOT**.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David W. Smith and                           :
Donald Lambrecht,                            : No. 177 M.D. 2015
                                             : Argued:  June 8, 2016
                        Petitioners          :
                                             :
                 v.                          :
                                             :
Governor Thomas W. Wolf, in his              :
official capacity as Governor of the         :
Commonwealth of Pennsylvania and             :
Commonwealth of Pennsylvania,                :
Department of Human Services,                :
                                             :
                        Respondents          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


DISSENTING OPINION
BY JUDGE WOJCIK                              FILED:  October 14, 2016


        I respectfully dissent for the reasons stated in my dissenting opinion in

*Markham v. Wolf*, __ A.3d __ (Pa. Cmwlth., No. 176 M.D. 2015, filed September

22, 2016) (*en banc*).

_____
MICHAEL H. WOJCIK, Judge