J-A23020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BREWNEER REALTY TWO, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALICIA S. CATHERMAN AND EUGENE | : | |
| L. JENKINS | : | |
| | : | No. 188 MDA 2021 |
| Appellants | : | |

Appeal from the Order Entered January 21, 2021
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2020-1246

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.: **FILED MARCH 31, 2022**

Alicia Catherman and Eugene Jenkins ("Tenants") appeal from the Centre County Court of Common Pleas' order denying their petition for a preliminary injunction following their eviction from a commercial space ("Premises") leased to them by Brewneer Realty Two, LLC ("Landlord"). Based largely on the trial court's analysis and opinion, we affirm.

In May of 2018, Tenants and Landlord entered into a lease ("Lease") for the Premises, which is located in Lewisburg, Pennsylvania. The term of the Lease was originally set to run from May 1, 2018, to January 31, 2019. Relevantly, the Lease contained the following provision:

> (m) <u>Tenant's Property.</u> Tenant agrees that [ ] all of personal property remaining in the Premises after any termination of the

_____

* Former Justice specially assigned to the Superior Court.

Lease shall (i) be considered abandoned and discarded and (ii) shall immediately become the property of Landlord at no cost to Landlord unless Landlord disclaims interest in any of the said remaining personal property.

Lease, 5/1/2018, at 11.

Tenants leased the Premises to operate a cafe and bakery. They bought or leased equipment and furniture to be used for the operation of the cafe/bakery, and they placed that personal property inside the Premises. The Lease was subsequently extended, with the last extension being for a lease term commencing on October 31, 2019 and ending on October 31, 2020.

"Over the course of [Tenants'] tenancy at the leased [Premises], rents and other monies [such as utilities] due to be paid under the [L]ease were not always timely paid." Trial Court 1925(a) Opinion, 3/4/21, at 2. Accordingly, on April 24, 2020, Landlord sent a letter to Tenants. The letter explained that Tenants were in default of the Lease, detailed the amount of arrearages Landlord alleged Tenants owed to it, and notified Tenants that Landlord was terminating the Lease. Landlord proceeded to change the locks on the Premises' doors on April 28, 2020.[1] The equipment and furniture Tenants had placed in the Premises remained inside.

Landlord filed a complaint for confession of judgment on May 19, 2020, and the court entered judgment against Tenants in the amount of $16,428.75

_____

[1] In the record, the date of the lock-change varies between April 27, 2020, and April 28, 2020. As the distinction is not material to our analysis, we simply use the date in the trial court's opinion, which is April 28, 2020.

on that same day. Tenants subsequently filed a petition to strike the confession of judgment, which the court granted.

Tenants then filed a petition for preliminary injunction, requesting the court to mandate that Landlord allow them to access the Premises so they could remove their items of personal property. In response, Landlord contended that under the terms of the Lease, Tenants were not entitled to the personal property because of their alleged violations of the Lease. ***See*** Plaintiff's Memorandum of Law in Opposition to Defendants' Petition for Preliminary Injunction, 12/22/2020, at 1, 5. According to Landlord, those lease violations included a failure to pay rent and utilities, as required under the Lease. ***See id***. at 5.

At the hearing on Tenants' petition, Catherman testified the Lease was originally set to expire on January 31, 2019, but Tenants and Landlord extended the Lease, eventually until October 31, 2020. ***See*** N.T., 12/7/2020, at 15, 17. Catherman testified the COVID-19 pandemic forced Tenants to close their bakery and cafe to the public, and that Tenants decided in March or April of 2020 not to renew the Lease and informed Landlord of that decision. ***See id.*** at 19, 20. According to Catherman, Landlord changed the locks on April 28, 2020, "out of the blue," and Tenants' equipment and "everything pertain[ing] to our business" was locked inside the Premises. ***Id.*** at 21-22, 23.

Robert Deak, the manager of Landlord, also testified at the hearing. Deak testified Tenants had not paid their rent in full and had failed to timely pay the utility bills, as required under the Lease. *See id.* at 52, 54-55, 56-57, 61. He stated Landlord sent Tenants a letter on April 24, 2020, giving them notice of the acceleration of rent due as well as that Landlord was terminating the Lease. *See id.* at 56-57. Deak confirmed Landlord then changed the locks to the Premises, and asserted it was done out of concern that Tenants would illegally remove property from the Premises. *See id.* at 63.

Following the hearing, the trial court denied the petition for preliminary injunction on the basis that Tenants had failed to show the requisite immediate and irreparable harm they would suffer should the injunction not be granted. Tenants filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Tenants argue on appeal the trial court abused its discretion by failing to grant them a preliminary injunction because, contrary to what the trial court found, Tenants have shown immediate and irreparable harm. We disagree.

We review a trial court's order denying a preliminary injunction for an abuse of discretion. *See Summit Towne Center, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003). In doing so, we do not inquire into the merits of the controversy, but rather, only ask whether there were any "apparently reasonable grounds" for the trial court's denial of the preliminary injunction. *See id.* at 1000-1001. This Court will affirm the trial

court's order denying injunctive relief if we find the court had any "apparently reasonable grounds" for doing so. *See id.*

A trial court has "apparently reasonable grounds" to deny a preliminary injunction if it properly finds that the petitioner failed to establish any one of the prerequisites for a preliminary injunction. *See id.* at 1001. One of those prerequisites is that the petitioner must show that a preliminary injunction is necessary to prevent immediate and irreparable harm that cannot be compensated by monetary damages. *See id.*

Here, the trial court found Tenants had simply failed to demonstrate they would suffer immediate and irreparable harm if they were not granted an injunction mandating Landlord to allow them into the Premises to retrieve their personal property. The trial court explained:

> At the preliminary injunction hearing, [Tenants] introduced a list of equipment and other items remaining at the leased [P]remises when [Landlord] changed the locks, contending they are the rightful owners of this property. [Tenants] did not present any testimony showing that these items were incapable of valuation by traditional measures, or that [Tenants] were somehow harmed by the loss or use of the equipment, let alone harmed in a manner that could not be compensated through an award of money damages.

Trial Court 1925(a) Opinion, 3/4/21, at 5.

We see no abuse of discretion in this conclusion, and in fact, Tenants do not dispute it. Instead, Tenants maintain they have proven irreparable and immediate harm solely on the basis that Landlord violated the Landlord and Tenant Act, 68 P.S. § 250.101 *et seq.*, by evicting them without the aid of

legal process, *i.e.* by illegally resorting to self-help measures. In rejecting this argument, the trial court stated:

> [I]n certain circumstances, violation of a statute can suffice to meet the irreparable harm element of the preliminary injunction test. ***See e.g, Pennsylvania Public Utility Comm'n v. Israel***, 52 A.2d 317, 321 (Pa. 1947) (pertaining to violation of Pennsylvania's Public Utility Law). Courts have found the existence of irreparable harm *per se* in situations where a party engages in continuing conduct in violation of statutory provisions intended for protection of the public. ***See id.*** (continuing conduct in violation of statute constitutes irreparable injury). In such cases, it is arguably the ongoing nature of the unlawful conduct that constitutes the irreparable injury. ***See id.*** ("When the Legislature declares certain conduct to be unlawful it is tantamount in law to calling it injurious to the public. For one to continue such unlawful conduct constitutes irreparable injury.") (emphasis added). In cases where there is no clear demonstration of continuing unlawful activity, courts have declined to find that the irreparable harm element is satisfied based on a statutory violation alone. ***See e.g., Commonwealth v. National Federation of the Blind,*** 370 A.2d 732, 737-38 (Pa. 1977) (affirming [the] denial of [a] preliminary injunction petition based on [a] violation of the Solicitation of Charitable Funds Act when [the] record did not clearly establish continuing violation).

Trial Court 1925(a) Opinion, 3/4/21, at 3-4.

The trial court then found that no such continuing statutorily-prohibited activity was taking place here, given that the alleged statutory violation - the employment of a self-help eviction process - had already happened. ***See id.*** at 4. Because the lease had ended, "the issuance of an injunction would not serve the purpose of preventing further violations of the statute." ***Id.*** The trial court also specifically noted that Tenants' reliance on several courts of common pleas' opinions to support its argument was misplaced. The court

went through the cited cases, and determined they were each distinguishable from the instant case. *See id.*

We discern no error in the court's conclusion. Tenants argue on appeal, however, that the trial court's decision is "misguided." Appellant's Brief at 15. Tenants maintain the trial court erroneously found Landlord's statutorily-prohibited conduct was not ongoing. In doing so, Tenants continue to argue that self-help is illegal in Pennsylvania and Landlord unlawfully engaged in such self-help here. *See id*. at 10-11, 15; Appellant's Reply Brief at 4, 7. Landlord disputes its actions were unlawful. *See* Appellee's Brief at 7-9. Of course, as noted above, we must not look into the merits of the controversy when reviewing the propriety of a trial court's denial of injunctive relief, which is our task at hand here. *See Summit Towne Center, Inc.*, 828 A.2d at 1000.

Rather, the question is whether the trial court had any "apparently reasonable grounds" for denying that relief. *See id.* Here, in essence, that turns on whether the trial court properly found that Tenants could be monetarily compensated for Landlord's retention of the personal property if it is ultimately determined that Landlord's actions were, in fact, unlawful. We cannot say the trial court abused its discretion in reaching this conclusion, or its subsequent conclusion that Tenants had therefore failed to establish they would suffer immediate and irreparable harm that cannot be compensated by monetary damages if injunctive relief was not granted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/31/2022